## Lamb and Others *v.* Donovan and Another.

A contract, which is the foundation of an action, will be deemed to be unwritten, unless it appear, directly or inferentially, from the complaint, to have been in writing.

A contract made with one person for the benefit of, or to secure the payment of money, to another, may be enforced by the latter.

An action will lie to recover the consideration for the conveyance of land, although the deed may recite that the consideration has been paid, and an action will also lie to recover a different consideration from that expressed in the deed, and not inconsistent therewith.

One person procures a conveyance of a tract of land to be made to another person, in consideration whereof the latter agrees to maintain the former and his wife during their lives, and, after their death, to pay to a third person a certain sum of money; *Held*, that said third person may maintain an action for said sum of money, although said agreement was not in writing.

APPEAL from the *Fountain* Circuit Court.

WORDEN, J.—This was an action by *Giles S. Donovan* and *Mary Ann*, his wife, against the appellants. The complaint sets up, in substance, the following facts:

That on, etc., *Barnabas Lamb*, now deceased, who was the father of the defendants and the said *Mary Ann*, having purchased a piece of land of one *Isaac M. Coen*, but not having received a conveyance therefor, procured the said *Coen* to convey the said land to the defendants, in consideration of which the defendants agreed to support and maintain the said *Barnabas* and his wife during their natural lives, and, after their death, to pay to the said *Mary Ann* the sum of one thousand dollars. The said *Barnabas* and his wife having died, this suit was brought for the recovery of the thousand dollars thus stipulated to be paid. The deed from *Coen* to the defendants is set out, the consideration therein expressed being four thousand dollars. There appear, also,

among the pleadings, a mortgage executed by the defendants to *Barnabas Lamb* to secure the maintenance provided for, and also a mortgage executed by the defendants to *Coen*, to secure one thousand dollars of unpaid purchase money.

A demurrer to the complaint was overruled; issues were formed and tried, resulting in a verdict and judgment for the plaintiff.

Two objections are made to the proceedings: *first*, that the complaint was bad, and *second*, that the Court admitted parol evidence to prove the contract alleged. One objection to the complaint is, that it sets up no written agreement for the payment of the thousand dollars, nor does it aver expressly that it was by parol. There is nothing in this objection. It sufficiently appears that the agreement relied upon was by parol. Unless it appears, directly or inferentially, that a contract sued upon was in writing, it will be deemed to be an unwritten contract.

The main question in the case, arising on the demurrer, and on the admission of the evidence, is, whether the parol agreement for the payment of the thousand dollars, in view of the facts appearing, is valid; for if valid, it can, of course, be proven by parol. It is insisted that if this agreement is upheld, it will be a plain violation of the rule that makes a written contract between the parties the exclusive medium of determining to what the parties bound themselves. This rule, in our opinion, has no application to the case before us. The contract sued upon was, for aught that appears, entirely by parol. The causing of the deed to be made to the defendants by *Coen*, and the execution of the mortgages by the defendants, were but in part *execution.* of the parol contract that had already been made. These instruments do not constitute the agreement sued on, but were executed in part performance of that agreement. Had the agreement been that the defendants should pay to the grantor, *Barnabas*, one thousand dollars, and also to maintain him and

his wife during life, he might, undoubtedly, have brought an action for the money, although he had taken a mortgage to secure the maintenance. An action will lie to recover the consideration for the conveyance of land, even though the deed recite that the consideration has been paid, or to recover a different consideration than that expressed in the deed, and not inconsistent therewith. *Vide Emmons* v. *Littlefield*, 13 Maine, 233. *Bingham* v. *Weiderwax*, 1 Comst. 509. *Rockhill* v. *Spraggs*, 9 Ind. 30.

The agreement having been made, so far as the one thousand dollars are concerned, for the benefit of said *Mary Ann*, she may sue thereon.

We think there is no error in the record, wherefore the judgment must be affirmed.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Mallory* and *Birch*, for the appellants.

*McDonald* and *Roach*, for the appellees.