## UNITED STATES EXPRESS CO. v. HARRIS.

COMMON CARRIER. — *Stipulation in Contract for Notice of Loss.* — A package of money was received by the Adams Express Company, at Pittsburgh, Pa., directed to a person at Jonesboro, Ind., the bill of lading, or receipt, stipulating that said company should forward the package to her agent nearest or most convenient to its destination, and there deliver it to other parties to complete the transportation, such delivery to terminate the liability of said company; and said company was not to be liable for any loss, unless the claim therefor should be made in writing, at the office of shipment, within thirty days from the date of said receipt; and it was provided that the stipulations of the contract should extend to and inure to the benefit of every company or person to whom said Adams Express. Company might entrust or deliver the package, and should define and limit the liability therefor of such other company or person.

. Suit by the consignee against the United States Express Company, as a common carrier, for the loss of a portion of the money while its transportation was being completed by the defendant. The complaint did not allege that the claim for such loss was made in writing, within thirty days after the date of said contract.

*Held*, that the stipulation that such claim should be made in writing, within the time specified, was reasonable; that in such a case as this it was not necessary to make the claim at the office of shipment, but it might be made upon some agent or officer of the company chargeable with the loss;. and that the complaint was bad on demurrer.

From the Grant Circuit Court.

*I. VanDevanter, J. F. McDowell, H. Burns* and *D. V. Burns,* for appellant.

*A. Steele, R. T. St. John* and *J. Brownlee,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellant as a common carrier. The complaint alleges, in substance, that on the 11th day of December, 1871, there was delivered, by the plaintiff's consignor, at Pittsburgh, Pennsylvania, three thousand dollars, to the Adams Express Company, under the following contract:

"ADAMS EXPRESS COMPANY, GREAT EASTERN, WESTERN, AND SOUTHERN EXPRESS AND FORWARDERS:

"$3,000. PITTSBURGH, PA., December 11th, 1871.

"Received from Holmes, Lafferty & Co., one package, sealed, and said to contain three thousand dollars, addressed

Noah Harris, Jonesboro, Indiana. Upon the special ———— and agreement that the company are to forward the same to their agent nearest or most convenient to destination only, and then to deliver the same to other parties to complete this transportation, such delivery to terminate all liability of this company for such package, and that this company are not to be liable in any manner, or to any extent, for any loss, or damage, or detention of such package or its contents, or any portion thereof, occasioned by the act of God. . . . . In no event is this company to be liable for a greater sum than that above mentioned, nor shall it be liable for any such loss, unless the claim therefor shall be made in writing, at this office, within thirty days from this date, in a statement to which this receipt shall be annexed. And the shipper and owner hereby severally agree that all the stipulations in this receipt contained shall extend to and inure to the benefit of each and every company or person to whom the Adams Express Company may intrust or deliver the above described property, and shall define and limit the liability therefor of such other company or person.

"For the company,        F. BRADFIELD."

It is alleged that the Adams Express Company safely carried the package to Columbus, Ohio, and there delivered the same to the defendant, to be carried to its destination and delivered to the plaintiff; and that the defendant did not safely transmit and deliver the same to the plaintiff; but, on the contrary, the defendant, by its agents, took from the said package, or suffered others to do so, one thousand dollars of said money. The complaint does not aver that the claim for such loss was made in writing, etc., within thirty days after the date of the bill of lading, or receipt.

A demurrer to the complaint was filed, on the ground, among others, that the same did not state facts sufficient to constitute a cause of action. The demurrer was overruled. Issues were made, and there was a trial by jury, a verdict for the plaintiff, a motion for a new trial, by the defendant, overruled, and judgment on the verdict.

It is assigned as error, *inter alia*, that the court improperly overruled the demurrer to the complaint.

The bill of lading or receipt given by the Adams Express Company provides, that all the stipulations in that instrument shall extend to and inure to the benefit of each and every company or person to whom that company might intrust or deliver the property, and shall define and limit the liability therefor of such other company or person.

We know of no reason why this stipulation is not binding and valid between the parties to this action. *Maghee* v. *Camden, etc., R. R. Co.*, 45 N. Y. 514.

It seems to us that the stipulation in the contract, that the claim for loss of the property carried shall be made in writing, within the time stated, is reasonable. We do not decide that the claim must be made of the Adams Express Company, at its office. The part of the stipulation relating to the place where the claim must be made is not applicable to a case like this, where the property has passed into the hands of another carrier. The claim must be made, in such case, upon some agent or officer of the company chargeable with the loss. That such a stipulation is valid, has been held in the following cases: *The Southern Express Co.* v. *Caldwell*, 21 Wal. 264; *Weir* v. *The Express Co.*, 5 Philad. 355.

In *The Adams Express Co.* v. *Reagan*, 29 Ind. 21, it was held, that such a stipulation was unreasonable under the circumstances of that case. No such circumstances exist in this case.

According to the usual course, the package in question here must have been carried in a day or two, at most, from Pittsburgh to Jonesboro, in this State, and hence the requirement that the claim shall be made within thirty days from the date of the receipt, or bill of lading, is not unreasonable.

The judgment is reversed, with costs; and the cause remanded, with instructions to sustain the demurrer to the complaint, and grant leave to amend, if desired.

Petition for a rehearing overruled.