Filed Sept. 28, 1892.

---

No. 572.

## CAMPBELL ET AL. *v.* WRAY.

SALE.—*Manufacturers' Warranty.—Adoption of by Selling Agents.—Notice of Defect to Agents.—Sufficiency of.*—Where the sale of a machine was made by agents on their own account, and they adopted the manufacturers' warranty, which provided for notice to the manufacturers of the unsuccessful operation of the machine before the contract could be rescinded, notice to the agents was sufficient.

SAME.—*When Specific Tender of Property Unnecessary.*—The notice to the agents of the unsuccessful operation of the machine, in the absence of any effort upon the agents' part to remedy the defect, was equivalent to a direction to remove the machine, and a specific tender, as stipulated for in the warranty, was unnecessary.

From the Lawrence Circuit Court.

*J. Giles* and *S. S. Dornan,* for appellants.

*M. Crooke* and *M. Owen,* for appellee.

CRUMPACKER, J.—Campbell and Hubbard sued Wray upon a written contract for the purchase of a "Whitely Binder and Truck" according to the tenor following:

"*Messrs. Campbell and Hubbard, Bedford, Ind.:*

"May 21, 1891.—You are hereby authorized to procure for me one Whitely binder and truck for same, to be shipped to Zelma by the 10th day of June, 1891, for which I agree to pay you one hundred and thirty dollars, or in lieu of paying cash, to then execute notes payable as follows:

One-half September 1, 1891; one-half September 1, 1892, including interest at the rate of 6 % (six per cent.) per annum after September next; payable at Stone City Bank, Bedford, Indiana. Subject to the provisions of the manufacturers' printed warranty thereon, a copy of which is this day received.                     PRESTON WRAY."

The defendants answered in two paragraphs, the first of which was the general denial, and the second set out the warranty and alleged that the machine, after having been fairly tested, failed to fulfill its requirements, in that it failed to cut all of the grain, but left upon the ground and wasted large quantities of it, and failed to bind grain properly, specifically stating the particulars in which it was deficient. It was also alleged in this paragraph that the defendant duly notified plaintiffs of the failure of said machine to perform the conditions of the warranty, and they promised to adjust and repair it, but entirely failed to do so or to attempt it; that the machine was wholly unfit for use and was worthless.

The warranty is as follows:

" The Whitely Binder is guaranteed to be well made, of best material and workmanship, and when properly set up, adjusted and operated in accordance with our directions, will do as good work as any other binder in the market, and this warranty is given upon the following conditions: If said machine does not work successfully under the management of the purchaser and local agent, notice must be given to us by letter or telegram, addressed to Amos Whitely & Co., Springfield, Ohio, advising us fully as to the name and residence of the purchaser, who, together with the local agent, will furnish the necessary facilities, and aid in testing the machine in the presence and under the direction of a competent person, to be designated and sent by us for that purpose, after receiving such notice; and if the machine does good work under his direction, it shall be kept by the purchaser, and continued use shall be considered conclusive evidence that it fills the warranty. But if, under the direction

of the person designated and sent by us for that purpose (after receiving such notice), the machine does not work as above warranted, it may be returned and the payment will be refunded.

### "WARRANTY ON THE WHITELY BINDER.

" This warranty is only valid and binding upon Amos Whitely & Co. where the sale of the machine is evidenced by the purchaser's order given therefor, subject to the provisions of this warranty, and then only when countersigned by the agent and delivered to the purchaser without alteration, interlining or erasure.

" (Signed)      AMOS WHITELY & Co.

" (Countersigned)   CAMPBELL & HUBBARD."

Endorsed upon the back of the warranty was the following :

" This contract is made this way : If Amos Whitely has made an assignment or broke up, the binder sold to Mr. Wray will not cost him 5c. If this machine is to be taken back, we will take it from Mr. Wray's field ourselves.

" CAMPBELL & HUBBARD."

A demurrer to the special paragraph of answer was overruled, and the cause was tried by a jury, resulting in a verdict and judgment for the defendant. Plaintiffs appeal, and assign several grounds of error, but only two questions are raised by the record, viz. :

1. Was it necessary for appellee to notify Amos Whitely & Co. that the machine did not work successfully before he could rescind the contract?

2. Was it necessary for him to allege and prove a tender of the return of the property to appellants?

There was no averment of notice to said Whitely & Co. of the failure of the machine to fulfill the requirements of the warranty, in the second paragraph of answer. Neither was such fact proved at the trial. Nor was there any aver-

ment or proof of an offer on the part of appellee to return the machine.

The affirmative of the foregoing propositions is very stoutly maintained by counsel for appellants. The machine was not sold to appellee by Amos Whitely & Co., but by appellants, and they sue as principals. There was no contract between the manufacturers and appellee, but appellants made the contract of sale and adopted the manufacturers' warranty to fix its terms. This warranty seems to have been designed to accompany and modify a sale *by the manufacturers,* and in an action by *them* to enforce a contract such as is sued on in this case, it would be necessary, in order to defend successfully upon the ground of a failure of the warranty, to aver and prove notice to the manufacturers of the unsuccessful operation of the machine, strictly in accordance with the terms of the contract. *Brown* v. *Russell & Co.,* 105 Ind. 46. But here the sale was made appellants for themselves, and in adopting the manufacturers' warranty they made it their own, and are bound by it to the extent that it is applicable between them and appellee. *Musselman* v. *Wise,* 84 Ind. 248. So construed, the warranty required notice of the failure of the machine to operate successfully to be given to the vendors (appellants), and it was their duty to make it operate as warranted or receive it back and refund the purchase-money. Such notice was given by appellee. This interpretation requires the contract to be read as if appellants' names were substituted for Amos Whitely & Co.

Appellants agreed that if the machine was to be returned, they would take it from the farm of the appellee, and we do not consider an offer to return it on the part of the latter was necessary.

It was stipulated in the contract that if, upon due notice, appellants failed to make the machine work successfully, they should take it away. They had such notice and did not attempt to make it work, so they must be held to have elected to take the machine. The notice of its failure, in

the absence of any effort upon appellants' part to remedy the defect, was equivalent to directions upon the part of appellee to remove the machine.

The judgment is affirmed.

Filed Sept. 15, 1892.