No. 950.

## Louisville, New Albany and Chicago Railway Company *v.* Widman.

Pleading.—*Complaint.*—*Condition Precedent.*—If a complaint based on a written contract containing a condition precedent to be performed by the plaintiff, does not allege that he has performed such condition, the pleading is fatally defective.

From the Harrison Circuit Court.

*E. C. Field* and *W. S. Kinnan,* for appellant.

*C. L. Jewett, M. W. Funk, W. N. Tracewell, R. J. Tracewell* and *H. E. Jewett,* for appellee.

Davis, C. J.—The first and second errors assigned are:

1. That the complaint does not state facts sufficient to constitute a cause of action.

2. The court erred in overruling the demurrer to the complaint.

Appellee sued on a written contract which he sets out and makes part of his complaint. This contract, a bill of lading, stipulates specifically the terms upon which the shipment is made, and the conditions to be met upon the part of appellee as well as the part to be performed by appellant.

The contract set out in the complaint contains the following condition or specification: "Claims for loss or damage must be made in writing to the agent at point of delivery, promptly after delivery of the property. And if delayed more than thirty days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event."

The appellee bases his right of recovery upon the fact, as alleged in the complaint, that appellant did not

perform its part of the contract, but there is no allegation in the complaint that appellee at any time gave appellant any notice in writing or otherwise of the damage to his mare. Neither is there any general allegation that appellee performed his part of the contract.

It is insisted by counsel for appellant, that this provision of the bill of lading contract is reasonable and valid; that it constitutes a condition precedent, and that the complaint must show that the condition has been performed, and that in the absence of such averment the complaint does not state facts sufficient to constitute a cause of action.

This contention is supported by the authorities: *United States Express Co.* v. *Harris*, 51 Ind. 127; *Home Ins. Co.* v. *Duke*, 43 Ind. 418; *Sprague* v. *Missouri Pacific R. R. Co.*, 23 Am. and Eng. R. R. Cases, 684; *Texas Central R. W. Co.* v. *Morris*, 16 Am. and Eng. R. R. Cases, 259.

It is expressly provided by our statute that it shall be sufficient to allege generally, that the party has performed all the conditions precedent on his part. Section 373, R. S. 1894. *Commercial Union Assur. Co.* v. *State, ex rel.*, 113 Ind. 331.

Other questions are presented by the record and discussed by counsel, which, in view of the conclusion we have reached, it is not necessary to consider or determine.

Judgment reversed, with instructions to sustain demurrer to complaint, with leave to appellee to amend.

Filed May 15, 1894.