The J. F. Seiberling & Co. *v.* Newlon.

[No. 1,578.    Filed March 4, 1896.    Rehearing denied Nov. 24, 1896.]

HARMLESS ERROR.—Overruling a demurrer to a bad paragraph of answer is harmless error where plaintiff's liability was determined by the findings of the court expressly made under the other paragraphs thereof.

SALES.—*Warranty.*—*Waiver of Notice.*—Where a manufacturer, through a local agent sold a harvesting machine, warranting same to do good work, such warranty containing the condition that if the machine did not do good work the purchaser to give immediate notice thereof in writing, both to the agent from whom he received the machine and to the manufacturer; the local agent was present at a trial of the machine at which it failed to work, and told the purchaser to try it again, and if it still failed to work to return it; such statement by the agent constituted a waiver of the written notice provided for in the warranty.

JUDGMENT.—*Special Finding.*—Failure to enter judgment on a special finding at the term of court the finding was made and filed, or any order continuing the cause, did not divest the court of jurisdiction thereof.

From the Washington Circuit Court.    *Affirmed.*

*J. A. Bradley, Harvey Morris, J. C. Lawler* and *D. M. Alspaugh,* for appellant.

*Milton B. Hottel* and *John A. Zaring,* for appellee.

ROSS, J.—The appellant sued appellee to recover the purchase price of an Empire reaping machine sold by it to him and warranted to do good work.    The contract of sale was reduced to writing and was the basis of appellant's action.    To the complaint appellee filed an answer of several paragraphs, to each of which demurrers for want of facts were filed and overruled by the court, and exceptions reserved to such rulings. The appellant filed replies to the special answers and upon the issues thus joined, the cause was submitted

to the court for trial. At the request of the appellant the court made a special finding of facts with conclusions of law thereon. From a judgment rendered in favor of the defendant the plaintiff appeals.

The first, second, third and fourth specifications of error assigned relate to the rulings of the court below upon the demurrers to the appellee's answer. The second specification seeks to question the sufficiency of the third paragraph of the answer, but inasmuch as the court makes its findings expressly under the other paragraphs, the error in overruling the demurrer to the second paragraph, if we concede that paragraph to be bad, was harmless.

The second, fourth and fifth paragraphs are the same in substance as those recently held good in the case of *Seiberling & Co.* v. *Rodman,* 14 Ind. App. 460.

The material facts found by the court within the issues joined, are in substance as follows: That the appellant, a corporation engaged in the manufacture and sale of machinery, on the 30th day of May, 1893, through its local agent, John C. Grubb, resident in Washington county, Indiana, who had the "selling, adjusting, setting up and otherwise managing in the sale of" appellant's combined reaper and binder, known as the Empire machine, sold to the appellee one of its machines for which he agreed to pay $120.00 on the 1st day of September, 1893, the contract of sale having been reduced to writing and duly signed by the parties. In the contract of sale the appellant warranted the machine to be well made, of good material and, if properly managed, to do good work. And it was provided that the appellee should use the machine one day in the harvest field, to give it a fair trial, he to see that it was properly managed, and if upon such trial it did not do good work, he was "to give written notice both to the agent from whom he re-

ceived the machine and to J. F. Seiberling & Co., Akron, Ohio.," stating wherein it failed to do good work, and to allow appellant reasonable time to get to the machine and remedy the defect, if any, and if appellant then failed to make it do good work, appellant should either give him a new machine or refund the money paid, or in case he had given notes therefor, to cancel his notes. That the continued possession of the machine after trial was to be conclusive evidence that it filled the warranty. On the 23d day of June, 1893, the appellant delivered the machine to the appellee at Salem, and he took it to his farm and on the 26th day of June, in the presence of appellant's selling agent gave the machine a fair trial, and it failed to do good work (the court finding specifically wherein it failed to do good work); and that appellant's agent tried to remedy the defects and to make the machine work properly and do good work, but that he failed to succeed. That said agent, seeing the imperfect work the machine was doing, urged appellee to continue the trial "alleging that as the paint wore off, and if freely oiled, the machine would work all right." That appellee complied with the request and continued the trial on the three succeeding days, during a part of which time appellant's agent was present, but the machine still continued to do bad and unsatisfactory work; that said agent again undertook to remedy the defect but failed, and then told appellee to give it another trial and if it did not do better work, for him to return it. That appellee gave it another trial and it failing to do good work, on the 5th day of July, 1893, he "duly mailed a notice in writing to plaintiff [appellant] at Akron, Ohio, stating therein that the machine in controversy did not do the work as it was warranted to do and that it was worthless and proposing to return it; and on same day handed to

said Grubbs [appellant's agent] a written notice of similar import, and at same time" proposed to return the machine which he did on the following day, returning it to the place where he had received it. On the 8th day of July the appellant answered the notice sent to it by appellee saying that it "claimed the right of reasonable notice," and that it could and would put the machine in good order and make it do good work, and on the 11th day of July appellant's general agent, Mr. E. E. Bollyard called upon appellee and asked him to take the machine back to his farm and give it further trial, but he refused. The court further finds that the machine was so badly made that it could not be made to do good work without remodeling and reconstruction. There is also a finding of a demand by appellant and a refusal by appellee of payment of the purchase price.

That the warranty relied upon by appellee was made conditional and dependent upon the compliance on his part, with certain things to be performed by him was decided in the case of *Seiberling & Co.* v. *Rodman, supra.*

The object of the stipulation requiring notice to be given in writing, both to the selling agent and the company was evidently for the purpose of making sure that an opportunity should be had to remedy any defects which might be found in the workings of the machine. The appellant could waive the giving of the notice, or if it was cognizant of the fact that the machine was not working and it had the opportunity and made an effort to remedy the defect, the necessity for the notice would be removed. *The Ohio Thresher and Engine Co.* v. *Hensel*, 9 Ind. App. 328. The court found that the appellant's selling agent was not only present at the time the machine was tried and knew that it did not do good work, but that he tried to rem-

edy the defect and failing to do so told the appellee to give it another trial and if it did not work, to return it to the place where he received it. So far as the facts found by the court disclose, the appellant's agent was the person to look after and see that the machine worked properly, and if it did not do so, to remedy the defect; and if he failed to do so that appellee had a right to return the machine and demand that his money be refunded. The court found that he was the appellant's agent for the purpose of "selling, adjusting, setting up and otherwise managing in the sale" of its machines. If his powers were not as broad as the court finds they were, appellant surely failed to prove the extent of his authority. He, at least, assumed to have authority, not only to make the machine work properly, but to determine whether or not it fulfilled the terms of the warranty. That he did direct what appellee should do with the machine in the event it did not do good work at the last trial, is found by the court, namely that he should return it to the place where it was received by him. But counsel for appellant say that the agent, Grubbs, had no right to waive the giving of the written notice specified in the contract of sale; that his powers as agent were limited, and that his knowledge of the fact that the machine did not do good work, and his efforts to make it do so, were not binding upon appellant. The finding by the court that he was appellant's agent for the purpose of selling, adjusting and setting up its machines, impliedly carried with it power to do all that was necessary in consummating the sale or in making the machine do the work it was warranted to do. In fact the sale was a conditional one in that, if the machine could not be made to do good work, appellee was privileged to return it and appellant was to refund him his money, if the machine had been paid for,

or if notes given, to cancel them. We cannot look beyond the facts found, to determine the rights of the parties; and if we were to admit that the power of the agent, Grubbs, was limited, we must do so by looking elsewhere than to the facts found by the court. Upon the facts found, the conclusions of law made by the court are right. *Champion Machine Co.* v. *Mann,* 42 Kan. 372, 22 Pac. 417.

In presenting the seventh, eighth and ninth specifications of error assigned, counsel say: "The questions these assignments of error are assigned to present, all grow out of the fact that no judgment was entered on the special finding at the term it was made and filed."

The mere fact, as shown by the record, that the cause passed over from term to term without a judgment having been rendered on the finding, or any order of the court continuing the cause, did not divest the court of jurisdiction, either of the subject-matter of the action, or of the person of the parties. There is no merit in this contention.

We are not called upon, by reason of the condition of the record, to consider and pass upon some of the questions urged on behalf of the appellant, and which, if the facts in the record made them to appear as counsel insist, would in all probability compel a different result from the one we have reached. But our decision is based upon the record as it comes to us, and not upon questions which are not disclosed or properly presented by the record.

We find no reversible error in the record.

Judgment affirmed.