## HUBER MANUFACTURING COMPANY v. BUSEY.

[No. 1,618.    Filed May 6, 1896.    Rehearing denied Dec. 2, 1896.]

PLEADING.—*Answer.—Counterclaim.*— No single pleading can serve the double purpose of an answer and a counterclaim, and when such pleading seeks affirmative relief it will be treated as a counterclaim.

NOTICE.—*When Written Notice is Waived.*—In an action upon a contract which provides that no right of action shall accrue until the opposite party has had notice in writing, such notice must be given unless waived, before a right of action will accrue; but if a verbal notice is given, accepted, and acted upon the giving of the written notice is waived.

PLEADING.—*Exhibit.—Foundation of Action.*—A written order mentioned as having been given for the purchase of the article warranted, unless it contains the warranty relied upon, need not be set out as an exhibit in a pleading founded upon a breach of warranty.

APPEAL AND ERROR.—*Bill of Exceptions.*—A bill of exceptions, even though it contains the original longhand manuscript of the evidence, should be embodied in the transcript of the record, and not merely attached to the transcript or filed as an independent document.

From the Miami Circuit Court. *Affirmed.*

*Roscoe Kimple*, for appellant.

*J. H. Neff, Hood P. Loveland* and *Robt. J. Loveland*, for appellee.

ROSS, J.—The appellant brought this action in replevin to recover possession of one grain separator "with straw stacker, belts and all the fixtures and appendages with or belonging to the same, and also one truck wagon under the same. One Atlas steam engine, * * * with hose, and all fixtures and ap-

pendages with or belonging to the same. Also one main drive belt and all belts used in and about said separator, engine, and machinery," all of which were alleged to be unlawfully detained from appellant by appellee. To the complaint appellee filed an answer in two paragraphs, and a counterclaim in one paragraph. A demurrer was sustained to the second paragraph of the answer. The counterclaim was designated and filed as "an answer and counterclaim." A demurrer for want of facts to constitute a cause of defense or to state a cause of action or counterclaim was filed to this plea and overruled.

The first four specifications of error assigned in this court call in question the sufficiency of the third paragraph of appellee's answer or counterclaim.

No single pleading can subserve the double purpose of an answer and a counterclaim.

Under the pleading denominated as an answer or counterclaim the appellee sought affirmative relief against the appellant, hence it was not an answer to appellant's complaint, but was a cross-action or counterclaim and its sufficiency must therefore be tested as such.

In his counterclaim, the appellee seeks to show by the facts alleged that he is the owner and entitled to the possession of the Atlas engine and drive belt, described in appellant's complaint, and which was taken from him and delivered to appellant under and pursuant to the writ of replevin issued on appellant's complaint, and he alleges that by reason of such taking, and the retention thereof by appellant, he has been deprived of its use and damaged thereby in the sum of $500.00. He also asks for the return thereof, and for damages on account of the taking and its retention. With this counterclaim appellee filed as exhibits several instruments in writing, from which, taken in

connection with the facts alleged, it is shown that on the 25th day of April, 1892, the appellee purchased from appellant, "one steam separator with 32-inch cylinder, and 48-inch separator with one bagger; one brake and one flax sieve, which separator included one truck wagon under the same." That in payment therefor he executed his three promissory notes, payable in bank, due November 1, 1892, November 1, 1893, and November 1, 1894, the first calling for $149.00, and the others for $148.00 each. To secure the payment of such notes when due he gave a chattel mortgage on the machinery, etc., purchased, and other machinery then owned by him. That when appellant sold the machine to appellee, appellant warranted it to do certain work, and that it failed to do the work warranted, and appellant failed to remedy the defects, although notified thereof.

The first objection urged to the sufficiency of the counterclaim is "that it is not alleged that any written notice whatever was ever given to the appellant, or any of her agents, stating wherein the separator failed to fill the warranty made in the written contract."

We have looked in vain for any allegation in the counterclaim that the warranty of appellant was reduced to writing, or that in case the machinery failed to meet the terms of the warranty the appellee was to give appellant notice thereof in writing. Counsel's argument on this question has not been confined to a consideration of the facts alleged in the counterclaim, but he has had in mind probably the evidence, and confounded that with the facts alleged.

It may be conceded as true that in an action upon a contract, whatever its nature, which provides that no right of action shall accrue until the opposite party has had notice in writing, such notice must be given,

unless waived, before a right of action will accrue. But if a verbal notice is given, accepted, and acted upon, where a written notice has been stipulated for, the giving of the written notice is waived.

It is next urged that the counterclaim is bad because a copy of "the written order on which the machinery was ordered" was not filed with and made a part thereof.

It is alleged in the counterclaim that upon certain representations made by• appellant's selling agent, which representations are specifically alleged, appellant "was induced to and did sign and deliver to plaintiff (appellant) a written order for said machine, a duplicate of which is herewith filed as exhibit 'A,'" The counterclaim is not predicated upon this order given by appellee, and so far as the facts alleged disclose, the warranty of appellant which was the inducement to appellee to purchase the machine was not embraced in the order. If the order was not the foundation of the appellee's action, it was not proper to file it with or make it a part of his counterclaim. Whether the theory of appellee's counterclaim is to recover possession of property taken from him and unlawfully detained by appellant, or for breach of a warranty, or both, we need not determine, but so far as any objection has been pointed out, we think, it states facts sufficient to entitle appellee to affirmative relief against appellant.

Inasmuch as we have decided that this pleading is a counterclaim and not an answer, it is unnecessary to say anything with reference to its sufficiency as an answer, or its effect if insufficient as such. Counsel has cited many authorities holding, and we believe it is well settled, that it is error to overrule a demurrer to an insufficient answer, and that a judgment will be

reversed therefor unless the record shows affirmatively that the party was not injured thereby.

The last specification of error is that the court erred in overruling appellant's motion for a new trial.

The jury by their verdict found that the appellant was entitled to the possession of the grain separator with straw stacker, belts, fixtures and appendages, and one truck wagon under the same. They also found that the appellee was the owner and entitled to the possession and return of the Atlas steam engine with hose and all fixtures and appendages with or belonging to the same. Also one main drive belt. And they assessed appellee's damages against the appellant for the taking and detention of said property at $50.00.

There was ample evidence from which the jury might find that the separator did not do the work it was warranted to do, hence that there was a breach of the warranty. But it is contended that although appellant warranted the machine to do good work it was agreed by the parties, and stipulated by the terms of said warranty, that "If inside of ten days from the day of its first use the said machinery fails to fill said warranty, written notice shall be given The Huber Manufacturing Company, Marion, Ohio, by registered letter, and also to the local agent from whom the same was purchased, stating wherein it fails to fill the warranty, and a reasonable time shall be allowed to get to the machinery to remedy the defect, if any there be, and an opportunity offered thereafter for a fair trial (if it be of such nature that remedy cannot be suggested by letter), the undersigned rendering necessary and friendly assistance. If the machinery cannot be made to fill the warranty, the part which fails shall be returned by the undersigned (the appellee) to the place from whence he received it, and another shall

be substituted which shall fill the warranty.   *   *   *
It is further mutually understood and agreed that the
continued use of said machinery after the expiration
of the time named in the above warranty, shall be
evidence of the fulfillment of the warranty."

It has been held by this court in an action brought to
recover the purchase price of a machine sold, where
the seller has warranted the working of the machine
in terms very similar to those contained in the war-
ranty above set out, and also providing for the giving
of a written notice to home office if the machine failed
to work, and to allow a reasonable time to get to the
machine and remedy the defect, that the purchaser
could not declare a breach of the warranty until he
had given the notice he agreed to give, and had al-
lowed the seller, after receipt of such notice, a rea-
sonable time to get to the machine and to remedy the
defects.   That the giving of the notice and allowing
of a reasonable time to remedy the defects were con-
ditions precedent to the purchaser's right to declare
a breach of the warranty. *Sciberling & Co.* v. *Rodman*,
14 Ind. App. 460. But if it were conceded that the ap-
pellee did not give notice to appellant by registered
letter as provided in the agreement, still we are un-
able to see what effect that would have upon the re-
sult in this case, when it clearly appears that the
appellee recovered nothing from appellant on ac-
count of the supposed breach of the warranty.   The
appellant was awarded possession of the machine,
belts, fixtures, etc., which it sold to appellee, while
appellee was adjudged to be the owner and entitled
to the possession of a steam engine, fixtures, belts,
etc., which the appellant took from him by its writ of
replevin.   For this taking and the unlawful detention
thereof the jury assessed damages against the appel-
lant in the sum of $50.00.   Nowhere in the argument

of counsel for appellant is it insisted that the evidence does not sustain the verdict of the jury that appellee was the owner and entitled to the possession of the steam engine, fixtures, belts, etc., or that they were not wrongfully taken and unlawfully detained from him. Whether or not the evidence is sufficient to sustain the verdict in that respect we do not consider, because that question is not urged for a reversal.

It is also urged that the court erred in admitting evidence as to the value of the use of the steam engine from the time it was taken by appellant until the trial of this cause. It is undisputed that the engine was taken on the 15th day of December, 1892, while the question objected to was: "What would be the value of the use of that particular engine in that neighborhood from about December 15, 1892, to the present time?" The objection to the question being that it is not limited in time to December 15, 1892, but that by the use of the preposition "about" the witness could and probably did, in estimating the value of its use, consider a longer time than from December 15, 1892. There is no merit in this contention.

Other objections to evidence admitted need not be considered, because the evidence thus objected to relate to the capacity and proper working of the separator, and inasmuch as appellant was found to be entitled to its possession, and appellee was not allowed anything on account of the supposed breach of the warranty, the admission of the evidence could not have been harmful.

The court did not err in refusing to give the ninth and thirteenth instructions of those tendered by the appellant, neither was it error to modify the thirteenth and give it as modified, nor to give the seventh and eleventh instructions of those tendered by the

appellee, nor the third and fourth instructions given by the court of its own motion.

It is probably proper to suggest that while we have examined the evidence and decided the questions requiring its consideration there is serious doubt as to its being properly before us. A bill of exceptions even though it contains the original longhand manuscript of the evidence should be embodied in the transcript of the record. It is not proper to file a bill of exceptions in this court as an independent document, neither should it merely be attached to the transcript. If it is to be considered as a part of the record it must be embraced in and not merely attached to the transcript.

Judgment affirmed.