## Gus P. Emmerich, Appellee, v. Joliet Oil Tractor Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed June 18, 1917.

### Statement of the Case.

Action by Gus P. Emmerich, plaintiff, against Joliet Oil Tractor Company, defendant, to recover a part payment in cash made on the purchase price of a tractor, and the value of notes given the defendant. From a judgment for plaintiff for $865, the sale price, defendant appeals.

TURNER & HOLDER, for appellant.

JAMES O. MILLER, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. SALES—*when question for jury whether purchaser waited reasonable length of time for seller to make machine work before beginning suit.* In an action to recover the part paid on a certain machine and the amount of notes given for the remainder, where it was charged that the machine failed to meet the guaranty, and where it appeared that before beginning suit the defendant was notified of the failure of the machine to work, and, upon an agent being sent immediately to fix it, such agent could not operate it, and, after waiting about twelve days for the making of repairs, plaintiff instituted the action, and the testimony as to whether the machine would work or not was contradictory, *held* that it was a question for the jury whether plaintiff waited a reasonable length of time for defendant to make the machine work.

2. INSTRUCTIONS, § 82*—*when instruction not open to objection that it intimates to jury weight to be given testimony.* Where, to avoid a continuance on the ground of absence of a witness, it was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

admitted that the witness would testify as stated in the affidavit, and where the giving of an instruction was complained of, which told the jury that said affidavit was not admitted as true by plaintiff but that it might be contradicted, and that plaintiff was entitled to introduce evidence to contradict such statement if he had such testimony, *held* that such instruction was not open to the objection that it intimated to the jury what weight should be given to the testimony of the absent witness.

3. Sales, § 432*—*when title to machine is in seller.* In an action to recover the money paid on a machine and the amount of notes for the remainder, where the machine failed to comply with a guaranty, and it was contended that if the judgment for plaintiff were permitted to stand he would have both the machine and the money, and where it appeared that the contract provided that unless payment was made in cash the title should remain in the defendant until the cash was paid, *held* that if the plaintiff was permitted to retain his judgment he could not under any circumstances claim title to the property.

4. Sales, § 148*—*when timely notice of failure of machine to work is waived.* In an action to recover the part paid on a machine and the amount of notes given for the remainder, where plaintiff claimed that the machine failed to comply with a guaranty, and defendant contended that as the contract provided that, if the machine failed to work, notice should be given within three days, and a notice was not given until after five days from the day of the arrival of the machine, plaintiff was not entitled to recover, *held* that the point was untenable, as when the notice was given the defendant sent his agent to adjust the machine, which constituted a waiver.

5. Evidence, § 223*—*what constitutes hearsay.* A report given to an employer by his agent sent to adjust a machine which failed to work constitutes hearsay testimony.

6. Sales, § 354*—*when return of machine is not prerequisite to beginning of action to recover price paid.* Where a contract for purchase of a machine provides that, upon its failure to work, the seller is to take it back, the purchaser is not required to return it as a prerequisite to beginning an action to recover the price paid, where there was a breach of guaranty.

7. Trial, § 232*—*when permitting jury to take incorrect copy of instrument to jury room is not error.* An objection that the copy of a contract instead of the original was permitted to be taken to the jury room, *held* without merit, as no objection was made, and because the contracts were identical except as to the arrangement of signatures.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.