## MAXWELL IMPLEMENT COMPANY v. FITZGERALD.

[No. 11,650.  Filed March 17, 1925.  Rehearing denied June 5, 1925.  Transfer denied October 12, 1926.]

1. APPEAL.—*Effect on other pleadings of verdict on counterclaim.* —Overruling a demurrer to a paragraph of answer would not constitute reversible error where it affirmatively appeared that the verdict rested entirely on a counterclaim.  p. 211.

2. SALES.—*Seller may waive requirement in contract which is for his benefit.*—A provision of a sales contract that purchaser is to give written notice to seller if article purchased does not work properly, being for the benefit of the seller, may be waived.  p. 211.

3. SALES.—*Waiver of contract provision as to notice of defect in machinery purchased.*—Where a buyer gives notice that machinery purchased is defective, but the notice is not in accordance with the stipulation in the contract, an attempt by the seller to remedy the defect constitutes a waiver of the provision of the contract as to the time and manner in which the notice should be given.  p. 211.

4. SALES.—*Counterclaim held to sufficiently aver waiver of stipulation in contract of notice of defects.*—In an action on a note given as a part of the purchase price of machinery, a paragraph of counterclaim, alleging that the machinery was defective, that the defendant notified the seller and that, two days later, an officer of the seller responded and endeavored to operate the machinery and to remedy the defects therein so it would perform the work for which it was designed, but failed, sufficiently averred a waiver of the stipulation in the contract as to notice.  p. 211.

5. SALES.—*Allegation of counterclaim that defendant "tendered" defective machinery back to seller who refused to accept it, held sufficient after verdict.*—In an action on a note given as a part of the purchase price of machinery, a counterclaim, based on the claim that the machinery was defective and would not do the work for which it was designed, which alleged that the defendant "tendered" the machine back to the seller, who refused to accept it, was held sufficient after verdict, although the contract required the buyer to immediately "return" it to the seller if it failed to work.  p. 212.

6. APPEAL.—*Refusal to award plaintiff rights of argument was harmless error, if any, where defendant assumed burden of proof on counterclaim.*—In an action on a note providing for attorney's fees, where the defendant pleaded a counterclaim and assumed the burden of proof, the action of the court in

refusing the plaintiff the right to open and close the argument was harmless error, if any, where the court instructed the jury to include in its verdict, if it found for the plaintiff, the amount of attorney's fees claimed by the plaintiff. p. 213.

7. APPEAL.—An appellant cannot complain of a favorable instruction. p. 213.

8. APPEAL.—Questions depending on the evidence cannot be considered in the absence of the evidence from the record. p. 214.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Action by the Maxwell Implement Company against John Fitzgerald, in which the defendant filed a counterclaim. From a judgment for the defendant on his counterclaim, the plaintiff appeals. *Affirmed.* By the court in banc.

*Grant Crumpacker, Frank B. Pattee* and *Herbert T. Johnson,* for appellant.

*Dailey & Freund* and *Kelly & Galvin,* for appellee.

This action was instituted by the Maxwell Implement Company against John Fitzgerald to recover on a promissory note, executed by the latter to the former, in the principal sum of $600, with interest from maturity and attorney's fees. The complaint is in the usual form and contains the averment that a reasonable fee for plaintiff's attorney is $250.

The defendant filed an answer in two paragraphs, and also filed a pleading denominated a "cross-complaint," but which, in truth, is a counterclaim.

By the first paragraph of answer, the defendant admitted the execution of the note and then averred that, at the time of the execution of the note, he entered into a written agreement with the plaintiff whereby he purchased one Harry Farmer Tractor and one three-bottom engine plow, at the price of $1,300; that he paid therefor $500 in cash and $200 in the form of a Liberty bond, and executed the note for the balance; and that the written agreement contains the following:

"The seller hereby warrants the machine herein ordered to be well made, of good material, durable with proper care, and when properly operated to perform successfully the work for which it is designed. If within one year from date of purchase, a part proves defective, the new part to replace defective one will be furnished at factory on receipt of part showing defect.
*    *    *

"If, upon trial with proper care, the machine fails to work properly, the purchaser shall immediately give written notice to the seller stating wherein the machine failed, shall allow reasonable time for a competent man to be sent to put it in good order, and render necessary and friendly assistance to operate it. If the machine cannot be made to work well, the purchaser shall immediately return it to the seller and the price paid shall be refunded, which shall constitute a settlement in full of the transaction. It is expressly agreed that the title to the property herein ordered shall not pass to the purchaser until full payment therefor shall have been made, whether notes have been given for the purchase price thereof or not."

Then follow averments showing in detail that there was a breach of the warranty; that notice thereof was given to the plaintiff; that thereupon the plaintiff, by one of its officers, endeavored to operate the tractor and to put it in condition to successfully perform the work for which it was designed, but in that effort wholly failed; that the machine was tendered back to the plaintiff; that the plaintiff refused to accept it; and that the plaintiff has failed to refund the purchase price.

The second paragraph of answer admits the execution of the note and contains the same averments with respect to the purchase of the machine, the consideration therefor and the execution of the written agreement as

those contained in the first; but it is distinguished from the first by the following averments:

"That differences arose between the parties after the delivery and attempt to operate the tractor as to whether it complied with the warranty; that thereupon the plaintiff and the defendant agreed to compromise and settle their differences, by the terms of which agreement and compromise, the plaintiff agreed to take back the tractor and to furnish in its place and stead a farm tractor commonly known and designated as a Moline Tractor; that the plaintiff, in consideration of the right to furnish the Moline Tractor and to settle the differences between the parties, was to keep the cash, the Liberty Bond, and the note; the defendant agreed to pay the note and also agreed to pay an additional sum of $200; that the plaintiff has failed and refusd to comply with the terms of the agreement of settlement and has failed to furnish a Moline Tractor, although the defendant at all times has been and now is ready and willing to pay the additional sum of $200 and to pay the note on the furnishing of a Moline Tractor."

The counterclaim is substantially the same as the first paragraph of answer with the additional averment that the defendant has been damaged in the sum of $1,000.

Demurrers, for want of facts, addressed respectively to each paragraph of answer and to the counterclaim were overruled. In its memorandum accompanying the demurrer, the plaintiff specified fifteen reasons why the counterclaim is deficient. Briefly stated, those reasons rest on the alleged failure to show by proper averments the following elements:

"That the note was given in payment for the tractor; that a written notice was given of the failure of the tractor to work properly; that the tractor was returned; the kind of work for which the tractor was designed;

that the tractor was designed to do plowing; that the tractor was properly operated; wherein the plaintiff failed to operate the tractor after notice; wherein the plaintiff failed to put the tractor in good order; that the defendant's ground was in suitable condition for plowing; that the tractor was designed to plow the kind of ground on which it was used; that the tractor was operated by the defendant; that it was designed to pull drags and harrows; that the plaintiff agreed to return the purchase price; that the defendant returned the tractor; or that the failure of the tractor properly to work was not due to the unskillful operations of it by the defendant."

The defendant moved the court "that he be given the opening and closing and that he be permitted to assume the burden of proof herein." The motion was sustained. Thereupon the plaintiff moved the court "that it be permitted to assume the burden of proof herein and to open and close the case." This motion was overruled.

The jurors were peremptorily instructed to fix the amount of the attorney's fee at $250 if they found for the plaintiff.

The following verdict was returned:

"We, the jury, find for the defendant on the cross-complaint and assess his damages at $843.50, and that the plaintiff take nothing by its complaint herein, * * *"

Judgment was rendered on the verdict, and the plaintiff's motion for a new trial was overruled.

The errors assigned challenge the ruling on each demurrer and on the motion for a new trial.

No attempt has been made to bring up the evidence or any part thereof.

DAUSMAN, C. J. (after making the foregoing statement).

It is urged with much earnestness that the court erred

in overruling the demurrer to each paragraph of the
answer.   However, it affirmatively appears from
1. the record that the verdict rests entirely upon
the counterclaim.   Therefore, the action of the
court in overruling the demurrer to either paragraph
of the answer would not constitute reversible error,
even if erroneous; and we need not consider the suffi-
ciency of either of those paragraphs.

Counsel also contend that the court erred in overrul-
ing the demurrer to the counterclaim.   The contract
provides that if "the machine fails to work prop-
2-4. erly, the purchaser shall immediately give writ-
ten notice" thereof.   The averment in the
counterclaim is that the defendant "notified the plain-
tiff and that thereupon one Leonard Maxwell, an officer
of the company, responded within two days after the
notice and endeavored to operate the tractor." It
clearly appears from the contract that the purpose of
the notice to be given by the buyer to the seller was
to give the seller an opportunity to send a competent
man to put the tractor in good order.   There can be
no doubt that the seller could waive the requirement of
the contract that the notice of the failure of the tractor
to work properly should be given *in writing*; since that
provision of the contract is for the benefit of the seller.
On the averment of the counterclaim the presumption
arises that the notice was oral.   Now, if the counter-
claim contained no other averment on this feature, we
would have a different question.   But that pleading con-
tains the further averment that, on receipt of the notice,
the seller promptly responded and by one of its officers
endeavored to operate the tractor and to put it in con-
dition to successfully perform the work for which it was
designed.   The seller might have ignored the oral notice
and stood upon the strict letter of the contract; but that
it did not do.   The courts generally recognize and en-

force the rule that where the buyer gives notice of defect in a machine purchased, which notice is not in accordance with the stipulation in the contract, and the seller promptly responds to the notice and attempts to remedy the defect, as required by his contract, he thereby waives the provision of the contract as to the time and manner in which the notice should be given. *Campbell* v. *Wray* (1892), 5 Ind. App. 155, 31 N. E. 824; *Springfield Engine, etc., Co.* v. *Kennedy* (1893), 7 Ind. App. 502, 34 N. E. 856; *J. F. Seiberling & Co.* v. *Newlon* (1896), 16 Ind. App. 374, 43 N. E. 151; *Huber Mfg. Co.* v. *Busey* (1896), 16 Ind. App. 410, 43 N. E. 967; *Aultman & Co.* v. *Richardson* (1898), 21 Ind. App. 211, 52 N. E. 86; *Siebe* v. *Heilman Machine Works* (1906), 38 Ind. App. 37, 77 N. E. 300; *Daugherty* v. *Advance-Rumley, etc., Co.* (1920), 190 Iowa 424, 180 N. W. 277; *Emmerich* v. *Joliet, etc., Co.* (1917), 206 Ill. App. 415; *Ditto* v. *International, etc., Co.* (1921), 105 Nebr. 544, 181 N. W. 544; *Palmer* v. *Reeves & Co.* (1909), 139 Mo. App. 473, 122 S. W. 1119; *Monroe* v. *Cowne* (1922), 133 Va. 181, 112 S. E. 848; *Fairbanks, etc., Co.* v. *Nelson* (1914), 217 Fed. 218, 133 C. C. A. 212. The counterclaim sufficiently avers a waiver of the stipulation in the contract with respect to the notice.

It is contended that the averments of the counterclaim do not show a compliance with the provision of the contract which stipulates that, "If the machine cannot be made to work well, the purchaser shall immediately return it to the seller." The averment on that feature is that the purchaser tendered the machine back to the seller and that the seller refused to accept it. "Return," as used in the contract, means to bring, carry, or send back. Webster's Dictionary. "Tender" is usually used in connection with an offer to pay money; but the word is properly used in connection with an offer of property other than

money. *Mitchell* v. *Merrill* (1827), 2 Blackf. (Ind.) 87, 18 Am. Dec. 128. We are of the opinion that the averment that the buyer *tendered* the machine back to the seller and that the seller refused to accept it, must be held good, especially after trial.

We need not discuss in detail the other specifications in the memorandum. It is sufficient to say that some of them do not go to the merits of the controversy; some might properly have been presented by a motion to make definite and certain; and none is of such a character as to render the counterclaim fatally defective.

Under the assignment that the court erred in overruling the motion for a new trial, the appellant's main contention is that it was erroneously deprived of 6, 7. an important right—the right to open and close.

The reasoning on this point is that the closing argument is a powerful weapon in the hands of him who has the privilege of wielding it, and that the plaintiff was disadvantaged by having that privilege erroneously conferred upon its adversary. Whether or not the contention is inherently meritorious we will not attempt to determine. The Code prescribes the manner in which a jury trial shall be conducted. It prescribes the order in which the evidence shall be presented, unless the court for special reasons shall otherwise direct. §584 Burns 1926, §558 Burns 1914. It provides that the parties may argue the case to the jury or submit it to the jury without argument; and that, "In the argument, the party having the burden of the issue shall have the opening and the closing." §588 Burns 1926, §562 Burns 1914. The appellant concedes that the defendant, by virtue of his pleadings, assumed the burden of all the issues except as to the value of the attorney's fee. The contention is that, as to the amount of the attorney's fee, the burden was on the plaintiff. The averment in the complaint is that "a reasonable attorneys' fee for plaintiff's

attorneys is $250." That averment stands wholly uncontroverted. Shall it then be taken as true? The Code provides:

"Every material allegation of the complaint not controverted by the answer, and every material allegation of new matter in the answer not controverted by the reply, shall, for the purpose of the action, be taken as true; * * * Allegations of value or amount of damage shall not be considered as true by the failure to controvert them." §410 Burns 1926, §392 Burns 1914. It is clear that the averment must be taken as true unless it is an averment of value. The trial court adopted the view that the truth of the averment stood admitted, and peremptorily instructed the jurors that if they found for the plaintiff, they should include in their verdict $250 as an attorney's fee. The court may have erred in that instruction (See *McCloskey, Admr.*, v. *Davis, Admx.* [1893], 8 Ind. App. 190; Elliott, App. Proc. §671) ; but, right or wrong, the instruction stands unchallenged. Indeed, the appellant is in no position to challenge an instruction so decidedly favorable to it. By that instruction, any controversy which may have arisen concerning an attorney's fee was completely eliminated and the error, if any, in awarding the opening and closing to the defendant was rendered harmless.

The appellant has attempted to present other questions under the assignment that the court erred in overruling the motion for a new trial; but all of them depend upon the evidence for their determination, and in the absence of the evidence they cannot be considered.

8. Query: Is the transcript sufficient to present any question for the consideration of this court?

Judgment affirmed.

Enloe, J., dissents.

McMahan, J., not participating.

## DISSENTING OPINION.

ENLOE, J.—This was an action by appellant against the appellee to recover upon a promissory note of which the appellee was the maker. The complaint was in the usual form and asked for judgment upon said note for principal, interest, and attorney's fees in the sum of $250, alleging that said sum was a reasonable attorney's fee.

To this complaint the appellee filed two affirmative paragraphs of answer; he also filed a cross-complaint in one paragraph. The appellant demurred to each paragraph of answer, and also to said cross-complaint, each of which demurrers was overruled, and to each of which rulings the appellant saved an exception. Thereafter the cause was put at issue by replies in denial to each of said paragraphs of answer, and by answer in denial to said cross-complaint. A trial by jury resulted in a verdict for the appellee upon the issues joined upon his cross-complaint; there was judgment accordingly, from which this appeal is prosecuted.

The errors assigned and relied upon in this appeal challenge the action of the trial court, severally, in overruling the said demurrers, and in sustaining the motion of the appellee to have the opening and closing of the argument to the jury.

As the verdict of the jury rests upon said cross-complaint we shall notice first, the assigned error challenging the aforesaid ruling thereon.

In this pleading it is alleged that on a date named the appellee and the appellant "entered into a certain written agreement and warranty," and that by the terms of said written agreement and warranty the appellee purchased of and from the appellant a farm tractor and "one three bottom engine plow for the sum of $1,300; that appellee had paid $700 thereon, paying $500 in

cash, and one $200 Liberty bond, which was accepted at its face as cash, and that he had executed the note sued on in payment of the balance of said purchase price; that said tractor would not do the work it was purchased to do, and would not do the work which it was intended to do. Said pleading then sets forth, in detail, wherein said tractor failed to do the work for which it was purchased, and for which it was intended, and then alleges that, as soon as he discovered that said tractor would not do said work, he notified the appellant and that one Maxwell, an officer of said company, came and endeavored to operate the same but could not make said tractor successfully perform the work for which it was designed, and that thereupon the appellee *tendered back to appellant the said tractor;* that appellant did not return to appellee his said note, nor did it repay to appellee the money so paid by him on account of the purchase price thereof as it had agreed to do. There was a prayer for damages in the sum of $1,000.

The said written contract of purchase, as an exhibit, was made a part of said cross-complaint, and, so far as the same is necessary to be considered in determining the sufficiency of said cross-complaint, it is as follows:

"If, upon trial with proper care, the machine fails to work properly, the purchaser shall *immediately give written notice to the seller stating wherein the machine fails,* and shall allow reasonable time for a competent man to be sent to put it in good order  *  *  *. If the machine cannot be made to work well, *the purchaser shall immediately return it to said seller,* and the price paid shall be refunded, which shall constitute a settlement in full of the transaction. It is expressly agreed that the title to the property herein ordered shall not pass to the purchaser until full payment therefor shall have been made, whether notes have been given for the purchase price or not." (My italics.)

The rights of the said parties were fixed by the said contract *as they made it,* and we must determine the sufficiency of the allegations of said cross-complaint by measuring them by the terms of said contract.

It is fundamental, in the law of contracts, that before a party thereto can claim damages as against the other party thereto, on account of an alleged breach thereof, the party who would so claim damages must himself have complied with such contract, must have done and performed all things mentioned in said contract by him to be done and performed. This is especially true as to the performance by him of things precedent, as it is a maxim of the law that no party who has himself broken a contract can complain of a breach by the other party subsequent to his own breach. The specific breach relied upon by the appellee in this case, and upon which the jury awarded him damages, was the alleged failure of the appellant to return to him the money paid and the note given, as provided for in said contract.

It will be noted that the said written agreement, the contract of sale relied upon by appellee, provided that if, upon trial with proper care, the said machine failed to work properly, the purchaser should: (a) Immediately give *written* notice to the seller, and that in said notice he should; (b) state wherein said machine *failed to do the work for which it was intended.* These were conditions precedent, to be performed by the appellee, before he could, as against the appellant, insist upon a rescission of said contract. The allegations of said cross-complaint, so far as they relate to the above mentioned provisions are: "That as soon as this cross-complainant discovered the fact that said tractor did not perform successfully the work for which it was designed, he notified the said cross-defendant." It is not alleged that the notice so given was in writing, as

required by said contract, nor is it alleged that, in and by said notice, the appellant was told or informed as to the particular defects, or ways, or manner, in which said machine failed to do the work for which it was intended. For aught that appears in the pleading, the appellee may have simply sent verbal notice to the appellant giving to it information as to only ONE of the many alleged defects now by it complained of, and saying nothing as to any other defect and giving to appellant no chance whatever to remedy any of them. The presumption is, under the allegations of said pleading, that said notice was not in writing. *Lamb* v. *Donovan* (1862), 19 Ind. 40; *Percifield* v. *Black* (1892), 132 Ind. 384; *Horner* v. *McConnell* (1902), 158 Ind. 280; *Perkins, etc., Co.* v. *Yeoman* (1899), 23 Ind. App. 483. However, the appellant in this case disregarded the non-compliance of the appellee in the matter of the form in which said notice should have been given, and, by one of its agents, responded thereto and attempted to adjust said machine, at least *in some particular,* and it is therefore now estopped to insist that said notice was insufficient, AS TO ITS FORM. The authorities cited in the principal opinion fully sustain this conclusion.

But as to the contents of said notice, it will be remembered that the pleading does not allege *that appellant was thereby fully informed as to each and all the said defects complained of,* there is no allegation that appellant was given information as to any particular defect. Had said cross-complainant alleged that "he had fully informed defendant of said defects," then and in that event he would have stated a "conclusion" and a "motion to make more specific" would have been proper, but as the pleading stands, it is not subject to such motion because here, there is an entire absence of a necessary allegation, and the pleading is, therefore, fatally defective.

It will also be noted that the said contract of sale provided that: "If the machine cannot be made to work well, the purchaser shall immediately *return* it to said seller, and the price shall be refunded, which shall constitute a settlement in full of the transaction." (My italics.) The allegation of said pleading, as to said condition is: "This cross-complainant tendered back to said cross-defendant, Maxwell Implement Company, said tractor." By the said contract of sale, the purchaser, under the conditions specified, was given the right, not to TENDER BACK said machine to appellant, but to *return* said machine to appellant, to take the said property which he had purchased back to the place of business of appellant and there turn over, or at least offer to turn over to appellant the possession of the same. The return of the property, as provided for, was also a condition precedent to be performed by the appellee. The appellant, in the pleading under consideration, has tried, it would seem, to frame his pleading under the rule of the common law. Under this rule, it was necessary, in pleading the performance of conditions precedent, for the pleader to aver what he had done in the way of performing each of such conditions; or, if such condition had not been by him performed, then he was required to state fully why he had not performed the same, so that the court might be able to say whether such performance had been waived, or been excused. Tested by the rules of the common law, the pleading under consideration is fatally defective, and it has been held, and seems to be the settled law of this state, that if a party attempts to state the facts constituting performance of a condition or conditions precedent, he must state such facts with the particularity and strictness required by the rules of the common law, and the statute cannot aid the pleading. Watson, Revision of Works' Practice §362, and authorities cited. The ques-

tions presented to us by the ruling complained of are of law, not of fact. When the court overruled the demurrer to this cross-complaint, it held, as a matter of law, that if the appellee should establish the facts in said pleading alleged, as therein alleged, he would be entitled to judgment. This was error. *Bowen* v. *Woodfield* (1904), 33 Ind. App. 687; *Wayne, etc., Loan Assn.* v. *Beckner* (1922), 191 Ind. 663; *Louisville, etc., R. Co.* v. *Widman* (1894), 10 Ind. App. 92; *United States Express Co.* v. *Harris* (1875), 51 Ind. 127.

It is also urged that the court erred in overruling the demurrer to the first paragraph of answer of appellee. A reading of this paragraph discloses that it is laden with the same infirmities as the said cross-complaint. The demurrer thereto should have been sustained.

It is next urged that the court erred in overruling the demurrer of appellant to the second paragraph of answer of the appellee.

This paragraph of answer, pleaded in bar of the suit upon said promissory note, admits the execution of said note, the sale of said tractor, etc., and then alleges that: "Differences arose between said plaintiff and this defendant after the delivery and attempt to operate said tractor as to whether the same complied with said warranty; that * * * that plaintiff and this defendant agreed to compromise and settle their said differences, and by the terms of said agreement and compromise the said plaintiff agreed to take back said farm tractor and to furnish in its place and stead a farm tractor commonly known and designated as a Moline tractor, and said plaintiff, in consideration of the right of furnishing said Moline tractor, and to settle the difference between plaintiff and defendant, was to keep the cash and Liberty bond as well as said note, which defendant agreed to pay according to the tenor thereof; that said defendant also, in consideration of the said plaintiff fur-

nishing unto the said defendant the said Moline tractor, agreed to pay a further and additional sum to plaintiff in an amount not to exceed two hundred dollars." It is then alleged that the appellant had failed to furnish said Moline tractor, as it had agreed to do.

If appellant had failed to keep its agreement to furnish such other tractor, as alleged, this might become the foundation for an action for damages, but, the averments of the said paragraph of answer under consideration fall far short of stating facts sufficient to bar the cause of action stated in appellant's complaint. The demurrer to this paragraph of answer should have been sustained.

In my opinion, this cause should be reversed, with directions to the trial court to sustain appellant's motion for a new trial, to sustain appellant's demurrer to the first and second paragraphs of appellee's answer, and to sustain the demurrer of appellant to the cross-complaint of appellee, with leave to appellee to amend his pleadings if he shall so desire.