THE SANDWICH MANUF'G CO. v. TRINDLE.

1. **Sale of Machine:** WARRANTY: INSTRUCTIONS. In an action for the price of a harvester, where failure of warranty was relied on by the defendant, the court instructed the jury on the oral contract of warranty, as claimed by defendant, and also upon the theory that the printed warranty delivered with the machine was all of the contract, and that it could not be varied by parol. *Held* that, since there was no material variance between these contracts, plaintiff was not prejudiced by the instructions.

2. ———: ———: SUBSTANTIAL COMPLIANCE. It was not error to instruct the jury that a *substantial* compliance with the contract was all that was required of defendant, where his duties under the contract were cleary defined in other instructions.

3. ———: ———: FAILURE: NOTICE: RETURN OF MACHINE. The machine in controversy was sold under a warranty providing that the defendant should have one day to give it a fair trial, and, if it did not work, that written notice, stating wherein it failed, should be given to the agent and to the plaintiff, and that the continued possession of the machine, or a failure to give such notice, should be evidence that the warranty was ful-

filled. The agent sent an expert to set up the machine, and was present on the next morning, when it failed to work, and informed the defendant that he would have an expert there on a subsequent day, which he did, the agent also being present. *Held* that, under these circumstances, no notice of the failure of the machine was necessary, and that defendant's attempt to use the machine for a few days longer was not a forfeiture of his rights under the warranty, provided he returned the machine within a reasonable time.

*Appeal from Franklin District Court.*

WEDNESDAY, JUNE 8.

ACTION at law to recover $175 for a harvester and binder which the plaintiff claims it sold the defendant. The defendant alleged in his answer that he took the machine from plaintiff's agent on trial, with the agreement that, if it worked satisfactorily, he would buy the same; that said machine failed to work, and defendant returned the same as agreed. The plaintiff in reply alleged that the contract of sale was in writing, and that the machine " was not returned until long after it was taken, and no notice was given plaintiff or its agents of any defect in the machine; that said machine was not defective, and an opportunity was not given plaintiff or his agent to adjust the machine, or put a new one in its place." There was a trial by jury, and a verdict and judgment for the defendant. Plaintiff appeals.

*Henley & Heminway*, for appellant.

*D. W. Dow*, for appellee.

ROTHROCK, J.—The printed warranty upon which the plaintiff relies is as follows: " The Reliance self-binding harvester is purchased and sold subject to the following warranty and agreement, and no one has any authority to add to, abridge, or change it in any manner: That it is well made of good material, and with proper management it is capable of doing first-class work; that the purchaser shall have one day to give it a fair trial, and, if it should not work well, written notice, stating wherein it fails, is to be given to the agent from

whom it is received, and to the Sandwich Manufacturing Co., at Sandwich, Illinois, and reasonable time allowed to get to it, and remedy the defects, if any, (the purchaser rendering necessary and friendly assistance,) when, if it cannot be made to do good work, it shall be returned to the place where received, and a new machine given in its place, or the notes and money refunded, which, when done, shall be the settlement of the whole transaction. Continued possession of the machine, or failure to give notice as above, shall be evidence that the warranty is fulfilled."

The facts are that the defendant made an oral contract with plaintiff's agent, by which he was to take the machine, and pay $175 for it after trial if it did good work,

1. SALE of machine: warranty: instructions.

and if it did not do good work he was to return it. The printed warranty, above set out, was delivered to the defendant by the agents who sold him the machine, after the oral contract was made, and at the time of the delivery of the machine. The court instructed the jury upon the contract as claimed by the defendant, and also upon the theory that the printed warranty was all of the contract, and that it could not be varied by parol. Appellant insists that the evidence conclusively shows that the sale was made under the written warranty, and that it was erroneous to instruct the jury on any other theory. We are unable to discover that there was any material variance between the written warranty and that which the defendant claimed as an oral warranty, or rather oral contract of sale. Moreover, it does not appear that any objection was made by plaintiff to the parol evidence of the sale and warranty. The plaintiff was not prejudiced by the instructions complained of.

It is urged that the court erred in instructing the jury that a substantial compliance with the contract was all that was

2. ——: ——: substantial compliance.

required of the defendant. We think there was no error in this, especially as the jury were fully instructed as to what acts the defendant was required to perform to comply with the contract.

It is said that the defendant is liable for the machine because he failed to return it in proper time. The facts are that the defendant took the machine to his farm on Friday. The agents who sold the machine sent an expert with the defendant to set up the machine. On Saturday morning the machine did not work well. One of the agents was present, and informed the defendant that he would have an expert there on Monday. On that day the agents appeared with the expert, and the defendant continued to use the machine until Friday evening, when he laid it aside, and borrowed a machine to finish cutting his harvest. He returned the machine in controversy on Monday following. The jury were warranted from the evidence in finding that the machine would not do good work. The plaintiff's agents and experts were with the defendant when the machine was set up, and for some reason they thought it necessary to be on the ground on the two following days. There was no necessity, therefore, for the defendant to give notice that the machine would not work. And the court correctly instructed the jury that, if the machine would not work properly, the defendant was bound to return it within a reasonable time. This was what was required by the written warranty upon which the plaintiff relies.

We find no error in the case. AFFIRMED.

