C. L. DAUGHERTY, Appellee, v. ADVANCE-RUMELY THRESHER COMPANY, Appellant.

**TRIAL:** Continuance—Uncertain Showing. Motion for continuance because of the absence of a witness may properly be overruled when nothing definite is revealed as to the time when the witness may be obtained.

**EVIDENCE:** Competency of Expert—Value, Capacity, and Cause of Injury. A farmer who is familiar with automobile tractors and the operation thereof is competent to testify as to the *value* and *capacity* of such a machine, and as to the *cause* of an injury thereto.

**APPEAL AND ERROR:** Harmless Error—Reception of Inconsequential Correspondence. Harmless error results from the reception of inconsequential correspondence between the litigants, even though such correspondence is, in a way, a repetition of what the writer thereof has testified to on the trial.

**EVIDENCE:** Value—Selling Price. The price for which an article is sold may afford some evidence of its true value.

**TRIAL:** Instructions—Correct But Not Explicit. The ordinary instructions relative to the credibility of witnesses are all-sufficient in the absence of any request for instructions relative to the impeaching effect of particular matters.

**APPEAL AND ERROR:** Harmless Error—When Contradictory Instructions Harmless. Assuming, in one paragraph of a charge, that a fact is true, and submitting the same matter in another paragraph as an issuable fact, constitute no reversible error, when the record demonstrates that the jury was not, in fact, misled.

**SALES:** Waiver of Contract Provisions. A seller who, on receipt of oral notice of defect in the machine, promptly responds, and attempts to remedy the defect, as required by his contract, thereby waives the contract provision that such notice should be in *writing* and by *registered mail.*

*Appeal from Clay District Court.*—JAMES DE LAND, Judge.

DECEMBER 21, 1920.

ACTION to recover the consideration paid by plaintiff for a tractor engine, together with the expense of repairs and freight. There was a verdict for plaintiff, and defendant appeals from a judgment thereon against it for $1,920.98 and costs.—*Affirmed.*

*Strock, Wallace & McConlogue* and *Buck & Kirkpatrick,* for appellant.

*Heald & Cook,* for appellee.

STEVENS, J.—Plaintiff alleged in his petition that, on or about August 27, 1917, he gave a written order to the defendant, through one Tony Rubes, its agent and salesman, for "one gas pull, rated 15, tractive H. P. 30; brake H. P. tractor with usual equipment, with kerosene equipment, also furnish with extension rims," agreeing to pay therefor as follows:   To execute a note for $1,170, due October 1, 1918, and to deliver to the defendant, free of incumbrance, F. O. B. cars at Ruthven, Iowa, a secondhand Heider tractor.   He also alleges that the said written order provided:

"Said machinery is warranted to be well made and of good material, and with proper use, capable of doing as good work as any other machine of the same kind, size, and rated capacity, working under like conditions; but any machine or part thereof not manufactured for or by vendor, or which is secondhand, rebuilt, or repaired, is not warranted, by statute or otherwise."

He further alleges that the defendant, through its agent aforesaid, represented that the said tractor was a kerosene pull; that it would pull four plows through stubble, and three plows through sod, with kerosene as a pull; that it was capable of doing the work for which plaintiff desired it; that the secondhand Heider tractor was delivered to defendant on the day the order was signed, and his note, as agreed, on September 10th; that the tractor was delivered at plaintiff's farm on or about said date; that plaintiff, with the aid of defendant's agent and ex-

perts, attempted to operate said tractor, but that its power was totally inadequate to pull four plows in stubble or three plows in sod; that defendant's representatives were unable to operate it successfully; that it was not, in fact, a kerosene, but a gasoline pull. He also alleges other representations of the agent and defects in the tractor.

Plaintiff further alleged that the written order signed by him provided, as a condition precedent to any right of rescission of the contract, that he give defendant notice, specifying the defect or breach of the warranty, together with the time of discovery, by registered letter, addressed to it at its head office, within four days after discovery thereof; that he did give oral notice immediately to defendant's agent, who promptly responded, and undertook to repair, adjust, and place the tractor in condition for use; and that the said defendant thereby waived the provisions of the contract requiring notice by registered letter, within the time specified.

The answer of defendant admitted the execution and receipt of the signed order, with warranty, and of the consideration, as set forth in plaintiff's petition, and otherwise denied the allegations of the petition.

The evidence on the part of the plaintiff tended to sustain all of the allegations of the petition, and that on the part of the defendant, to show that the tractor was in good order and working condition, when it was delivered to plaintiff at his farm; that, when he undertook to operate it, he did so in such a manner that the shifting gears were broken, and the tractor severely damaged; that, after it had been repaired and adjusted, it worked properly, and fully met the requirements of the written warranty. The evidence as to these matters is in dispute, and was properly submitted to the jury; and its finding thereon is conclusive. Plaintiff admitted that the shifting gear and some castings were broken while he was attempting to operate the tractor, but testified that it was caused by a set screw which was insufficiently fastened in place and which came loose, and got into the gearing.

I. Plaintiff's petition was filed March 1, 1918, but the cause did not come on for trial until in January, 1919. On Jan-

uary 13th, shortly before the case was reached for trial, the defendant filed a motion for continuance, based upon the absence of W. O. Coyne, who was defendant's expert that delivered the tractor to plaintiff, and later repaired, readjusted, and attempted to operate it for plaintiff. The motion was sustained by the court; whereupon counsel admitted that the witness, if present, would testify to the matters set out in the affidavit attached to the motion for continuance. Before the trial began, however, the defendant filed an additional affidavit for a continuance, reciting that the absent witness was present after the tractor was broken, assisted in repairing, adjusting, and operating it, and that the information possessed by him made his advice necessary, if not indispensable, to a proper presentation of defendant's evidence. This application was overruled, and of this ruling defendant complains. The witness was, at the time, a soldier in the United States army, stationed at Camp Pike, near Little Rock, Arkansas. Nothing definite was known as to when his attendance could be procured, but it was believed that he would be discharged from the army in a few weeks. The admission of counsel for plaintiff entitled the defendant to read to the jury the affidavit attached to the original motion for a continuance, which was done, with the exceptions of some conclusions stated therein; and we do not think that the ruling of the court was an abuse of its discretion.

*1. TRIAL: continuance: uncertain showing.*

II.   Plaintiff, over the objections of counsel for appellant that the competency of the witness was not shown, was permitted to testify to the reasonable market value of both the new and the secondhand tractor; that the damages to the tractor were caused by a set screw, that came loose and became entangled in the gearing; and that the tractor should, with four bottoms, plow 12 acres of stubble in 8 hours. Plaintiff was a farmer, accustomed to automobiles; owned and had operated the Heider tractor for 2 or 3 years; and had had more or less experience with the operation of a tractor used in connection with a threshing machine outfit; and, we think, was clearly competent to testify on the question of values. *Winklemans v. Des Moines N. W. R. Co.,* 62 Iowa 1, 17; *Worrall v. Des Moines Retail Grocers' Assn.,*

*2. EVIDENCE: competency of expert: value, capacity, and cause of injury.*

157 Iowa 385; *Tubbs v. Mechanics' Ins. Co.*, 131 Iowa 217. He testified that he saw the set screw in the gearing; and it is not claimed that the damages could not have been caused thereby, but that there was no set screw in any part of the tractor that could possibly have gotten into the gearing. His testimony on this point, as well as to the number of acres the new tractor should have been capable of plowing, was competent. Even if it were conceded that the competency of the witness to testify as to the number of acres the tractor in question should have been capable of plowing in eight hours was doubtful, it is in substantial harmony with the testimony of the witness Rubes, called by defendant, and was not prejudicial.

III. On October 23, 1917, plaintiff addressed a letter to the defendant at LaPorte, Indiana, in substance stating that, after its experts had worked four days with the tractor, it could not be operated, demanding the return of his note, **3. APPEAL AND ERROR: harmless error: reception of inconsequential correspondence.** and offering to deliver the tractor at Ruthven for the defendant; and, on November 8th, his attorneys, at his request, again wrote defendant, stating that plaintiff rescinded the contract, and tendered back the tractor, demanded the return of his note and the payment of freight, expense of repairs, and $700, the agreed value of the Heider tractor. The letter further stated that plaintiff had endeavored, with the aid of defendant's experts, to make the tractor work; that it did not develop sufficient power to pull the plows; and that he was unwilling to wait longer for the settlement of the matter. The offer of these letters in evidence was objected to by counsel for defendant, upon the grounds that they were incompetent, irrelevant, and immaterial, mere self-serving declarations, and tended to prove no material issue in the case. Perhaps some parts of the letter of November 8th should have been excluded; but the objection went to the letters as a whole. It should be said, however, that nothing contained in the letters in any way conflicted with plaintiff's testimony, and we cannot see how defendant was prejudiced by their admission in evidence, or by the use thereof by the jury, after they retired to deliberate upon the verdict. They simply went in as exhibits, and were of minor consequence. If the jurors remembered the evidence of plaintiff at all, the letters

could have done no possible harm. The court did not submit the question of waiver, but peremptorily instructed the jury that, under the evidence, the provision of the written order requiring notice by registered mail was waived.

IV. Tony Rubes, the defendant's agent and salesman, through whom plaintiff purchased the tractor, sold the second-hand tractor to one Hanson, who, he thinks, paid him $206.32 cash therefor. Plaintiff was permitted to tes-

4. EVIDENCE: value: selling price. tify, over the objection of counsel for defendant that the testimony was incompetent, immaterial, and irrelevant, that Hanson told him that he was allowed the dealer's commission on the purchase price of the tractor. It was claimed that Rubes learned through Hanson that plaintiff desired to buy a tractor. Plaintiff further testified that he knew what the dealer's commission was, and that it was $400.

Hoffman, another witness for plaintiff, was permitted to testify, over the same objections of counsel for defendant, that he heard Rubes tell Hanson that, if the sale was rescinded, he would have to pay the dealer's commission. The objection that this testimony was all hearsay was not urged. Evidence of the price paid by Hanson for the tractor was admissible, as bearing upon the question of value, the weight thereof being for the jury. *Thompson v. Anderson,* 94 Iowa 554; *Hanley v. Chicago, M. & St. P. R. Co.,* 154 Iowa 60; *Kirkwood v. Perry Town Lot & Imp. Co.,* 178 Iowa 248. The evidence in question was not of a character to be very persuasive as to the amount of commission allowed on the purchase price of the old tractor, and Rubes denied that anything was allowed Hanson, and stated that no dealer's commission was paid.

V. The defendant introduced in evidence two written statements, purporting to have been signed by the plaintiff. One dated at Ruthven, Iowa, September 10, 1917, acknowledged re-

5. TRIAL: instructions: correct but not explicit. ceipt of the tractor, pursuant to the terms and conditions of the warranty contained in the written order of August 27th. The other was also dated at Ruthven, Iowa, but on September 15th, and is as follows:

"This is to certify that the machinery herein described is now in good working order, and hereby waive all claims, whether

real or supposed, that I may have or have had against the Ad-
vance-Rumely Thresher Co., Inc."

The signature to the latter statement was denied by plain-
tiff, while on the witness stand. The genuineness of the signa-
ture to the former statement was admitted by him.

The court, when this evidence was admitted, and in the
seventh paragraph of its charge to the jury, limited the consid-
eration of the latter instrument to the question whether or
not the tractor was, in fact, in good working order at the time
it was signed, and whether it fulfilled the written warranty;
and specifically told the jury that it should not be considered
as in any sense waiving any of the claims made by the plaintiff
against the defendant.

Counsel for appellant contends that one of the chief pur-
poses for which this evidence was introduced was to impeach
the credibility of plaintiff's testimony, and that the effect of
the court's instruction was to deprive defendant of the full pur-
port and value thereof. The court did, however, give the usual
and customary instruction upon the credibility of the wit-
nesses. If counsel desired other or further instructions upon this
point, it should have requested that same be given. Expert
witnesses called by defendant did testify that the signatures upon
the two statements were written by the same person, but plain-
tiff at all times insisted that the latter signature was spurious.
It may be assumed that the jury gave proper consideration to all
evidence affecting the credibility of the witness, and we do not
think the limitation placed upon this evidence by the court in
instructions deprived defendant of the full purpose for which it
was offered.

VI.    It is further contended by appellant that Paragraphs
4 and 8 of the court's charge are contradictory, and that the
former is erroneous. The evidence, without material conflict,
showed that the price quoted by defendant's
agent for the new tractor was $1,870. Plaintiff
testified that it was expressly agreed that the
Heider tractor would be taken in by defendant
at the agreed value of $700. Rubes testified, however, that
nothing whatever was said about the value thereof. As already
stated, plaintiff gave his note on September 10th for $1,170, as

6. APPEAL AND
ERROR: harmless
error: when con-
tradictory instruc-
tions harmless.

a part of the purchase price, and delivered the old tractor to the defendant at Ruthven on the day the order was signed. The court, in the fourth paragraph of its charge, told the jury that plaintiff executed and delivered to the defendant his promissory note for $1,170, which was sold to an innocent purchaser, and delivered the secondhand tractor to defendant at the agreed value of $700; that the tractor sold by defendant was purchased by plaintiff for the purpose of plowing, which fact was, at the time, well known to the defendant; and that these facts were all admitted by the defendant to be true, and that the jury should accept them as true, in the consideration and determination of the issues submitted. It will thus be seen that the jury was, in effect, instructed that the Heider tractor was taken in by defendant at the agreed value of $700. In the eighth paragraph of its charge, the court instructed the jury peremptorily, if it found for the plaintiff, to return a verdict in his favor for the following items: The amount of the note at the time of payment, which was $1,295; freight upon the tractor, $72.80; and repairs thereon, $5.80; together with 6 per cent thereon from the date of payment. It also instructed them to "allow plaintiff the amount you may find from the evidence to be the actual cash value of the Heider tractor at the time it was delivered to the defendant, together with interest upon this amount at the rate of 6 per cent per annum from the date that said tractor was delivered." The jury returned a verdict for $1,920.98. It is apparent from the amount of the verdict that the jury was not misled by the statement contained in the fourth paragraph of the court's charge. The value of the Heider tractor must have been fixed by the jury at considerably less than $700. Evidently, the jury was not misled by the erroneous statement of the court in the fourth instruction. Manifestly, they followed the correct paragraph of the charge. No prejudice, therefore, resulted to defendant on account of the erroneous statement in the fourth paragraph of the court's charge.

The court also instructed the jury that, by sending repairs, and agents to repair and operate the machine after it was delivered to plaintiff, the defendant waived the provisions of the order requiring notice of defects or breach of the warranty to be forwarded by registered letter to the home office of defendant,

within four days after the discovery thereof. This instruction is in harmony with the prior holdings of this court. *Peterson v. Wood Mowing & Reaping Mach. Co.,* 97 Iowa 148; *Sandwich Mfg. Co. v. Trindle,* 71 Iowa 600; *Davis' Sons v. Butrick,* 68 Iowa 94.

**7. SALES: waiver of contract provisions.**

Several minor points are discussed by counsel; but, as they present no ground for reversal, we omit special reference thereto or discussion thereof. As we find no reversible error in the record, the judgment of the court below is—*Affirmed.*

WEAVER, C. J., LADD and ARTHUR, JJ., concur.