Aultman & Co. *v.* Richardson.

AULTMAN AND COMPANY *v.* RICHARDSON ET AL.

[No. 2,500.    Filed November 30, 1898.]

REPLEVIN.—*Sales.—Breach of Warranty.—Special Verdict.*—In an action in replevin to recover an engine seized by the seller upon default of payment in compliance with the terms of a mortgage thereon, a special verdict showing a breach of warranty, which fails to show any damages resulting from such breach, is not sufficient to sustain a judgment for plaintiff. *p. 215.*

SALE.—*Warranty.—Notice.—Waiver.*—A contract of sale and warranty provided for written notice to be sent by registered letter to the vendor within a specified time in the event the machine sold should not fulfill the terms of the warranty. On a breach of the warranty a notice was sent, but not by registered letter. The notice was received and acted upon. *Held,* that by receiving and acting upon the notice the vendor waived the requirement for registering. *pp. 215, 216.*

SALES.—*Defective Machine.—Breach of Warranty.*—Where a machine which failed to fulfill the warranty made by the vendor is retained and settled for by the vendee upon the promise of the vendor to remedy the defect, the vendee does not lose his rights under the warranty. *p. 217.*

From the Madison Circuit Court.    *Reversed.*

*M. A. Chipman, S. M. Keltner* and *E. E. Hendee,* for appellant.

*L. J. Kirkpatrick, J. F. Morrison, T. C. McReynolds, W. A. Kittinger* and *George Ballard,* for appellees.

COMSTOCK, J.—This is an action in replevin brought by appellees against appellant to recover possession of a traction engine, a separator, and a straw stacker. This is the second appeal. The former appeal and decision is reported as *Aultman & Co.* v. *Richardson,* 10 Ind. App. 413. After the reversal, an amended complaint was filed in three paragraphs, not differing essentially from the original complaint. Appellants' counsel do not discuss the sufficiency of the complaint, and we do not deem it necessary to set out either paragraph. The defendant answered in two paragraphs: (1) The general denial; (2) that on the — day of ——, 1891, plaintiffs ordered of defendant, by a written order, the property described in the complaint, which was purchased under and subject to the written and printed warranty, and under the terms and conditions of the written order, a copy of which is set out in this paragraph of answer. It further avers that, "according to the conditions provided in the warranty, if inside of five days from the time of its first use, the machinery should fail to fulfill said warranty, that written notice must be given immediately to C. Aultman & Co. by registered letter, and written notice also to the local agent from whom the same was purchased, stating wherein it failed to fulfill the warranty. * * * And, if the machinery could not be made to fill the warranty, that the one which failed, either separator or engine, should be returned to the place where received, and another furnished, which should perform the work, or the

money and notes given for the same be returned, and no other claim be made on C. Aultman & Co." It was further provided that the use of the machinery after the expiration of the time named should be evidence of the fulfillment of the warranty and full satisfaction of the plaintiffs, who agreed to make no further claim on C. Aultman & Co.; that if the machinery, or any part thereof, should be delivered to the plaintiffs, and settlement made for the same, * * * that the plaintiffs waived all claims under the warranty. It avers, further, that the machinery was delivered to the plaintiffs under the terms of the warranty; that they used the same for more than five days after receiving it, and before making settlement, and, after having used it for five days, gave the notes for part of the purchase-money, delivered property for part of the purchase-money, and gave a chattel mortgage to secure the payment of the remainder; that the mortgage was duly acknowledged and recorded, and upon failure to pay notes when matured, defendants, by virtue of said mortgage, took possession of the property, and, according to the terms of the mortgage, advertised it for sale, and sold it at public auction to the highest bidder, defendant's agent being the purchaser. A copy of said order and warranty and of said chattel mortgage are made exhibits and filed with the answer. A demurrer, for want of sufficient facts to constitute a defense to plaintiff's cause of action, was overruled to this answer. Upon request of defendant (appellant), the jury returned a special verdict consisting of interrogatories and answers thereto. Each party moved for judgment upon the special verdict. Appellees' was sustained, and appellant's overruled, and exceptions duly reserved. Appellant's motion for a new trial was overruled, and exception

Aultman & Co. *v.* Richardson.

taken, and the court thereupon rendered judgment on the special verdict in favor of appellees for $160.

The fourth, fifth, and sixth specifications of the assignment of error only are discussed. They allege, respectively, that the court erred in overruling appellant's motion for judgment in its favor on the answers of the jury to the interrogatories, in sustaining plaintiffs' motion for judgment on the verdict, and in overruling appellant's motion for a new trial. Upon the former appeal the judgment of the lower court was reversed because there was no evidence of the damages on account of the breach of warranty. Counsel for appellant claim that the special verdict shows no finding of any damages for breach of warranty, and that the absence of such finding being equivalent to a finding against the plaintiffs upon the question, judgment should have been rendered in its favor. It is conceded by counsel for appellees that no one interrogatory and answer thereto finds the amount of damages on account of a breach of warranty, but they claim that the special verdict taken as a whole conclusively warrants that there was a breach of warranty. The position of appellees' learned counsel is, that the debt which the mortgage was given to secure was really not in existence; that at the time this action was instituted it had been wiped out by the breach of warranty; that, the mortgage being only an incident to the debt, all rights under it ceased when the debt became extinguished.

In the decision of this case upon the former appeal, Lotz, J., in speaking for the court, said: "There is evidence to the effect that the engine was of the value of $200 at the time the appellant took possession of it, but there is no evidence of its value at the time it was sold to appellees, nor is there any evidence as to its value had it been as warranted; nor was there

Aultman & Co. v. Richardson.

any evidence of fraud.   As there was no evidence of the damage on account of the breach of warranty, appellant's right to possession under the mortgage was not overthrown by the evidence in rebuttal, and the verdict is not sustained by the evidence."

The facts found upon this appeal must take the place of the evidence before the court in the former.   We have carefully read the 168 interrogatories and answers thereto constituting the special verdict.   There are findings showing the machine to be defective. There is no finding of the value of the engine at the time it was sold to appellees, nor is there any finding as to its value had it been as warranted.   The jury, in answer to an interrogatory as to the value of the engine in question for furnishing steam power for threshing, sawing, or ploughing, or for any other purpose, where steam was required on the 24th day of June, 1891, stated that there was no evidence.   The verdict not showing damages for breach of warranty, the judgment must be reversed.

Counsel for appellant further contend that the court should have rendered judgment in favor of appellant for the reason that the verdict found that the engine, separator, and straw stacker were not unlawfully taken or detained from the appellees.   These findings, however, were merely conclusions of law, and are therefore to be disregarded.

They further contend that the judgment should not have been rendered for appellees because: (1) As found by the verdict the warranty provided that, if the machinery could not be made to fill the warranty, "that part which failed, be it separator or engine, should be returned by appellees to the place where received, and another furnished, which would perform the work or the money and notes given for the same returned, and no further claim made on C. Ault-

man & Co.," and that the engine was never returned to the place where it was received; (2) that if inside of five days from the date of its first use, said machinery, except belting and levers, should fail to fill said warranty, written notice should be given of the defect to the local agent from whom the machinery was purchased, and notice by registered letter given to C. Aultman & Co., at Canton, Ohio, and that they did not give notice to the agents from whom it was purchased, and did not notify C. Aultman & Co. by registered letter; (3) that the use of the machinery, at the expiration of the time (five days) mentioned in the warranty, should be evidence of the fulfillment of the warranty and full satisfaction of the appellees, who agreed thereafter to make no further claim on C. Aultman & Co., and that they continued to use said engine after said time; (4) that, if the machinery was delivered before settlement was made for it, appellees waived all claims under the warranty, and that the property was delivered before settlement was made; and for these reasons, and each of them, that, if there had been a breach of the warranty, appellees having failed to comply with the terms and conditions of the warranty, were in no condition to ask that appellant should do so.

We think it is a sufficient answer to this claim, and the separate grounds upon which it is made, that the special verdict also found that, within five days from the first use of the engine, they reported by letter its defects to C. Aultman & Co., at Canton, Ohio; that said letter was received, and that the agent of appellant for the state of Indiana called upon appellees; was told of and saw the defects, and promised and agreed that, if appellees would execute the notes and mortgage in question, the company would send some one to remedy the defect; that the notes and

Aultman & Co. *v.* Richardson.

mortgage were executed because of that promise, and that no one was sent to remedy the defect. The acceptance of the notes and mortgage was a ratification of the agreement of the agent. Appellant acted upon the written notice, although the letter was not registered, and thus waived the registering. *Springfield Engine, etc., Co.* v. *Kennedy,* 7 Ind. App. 507; *National Bank & Loan Co.* v. *Dunn,* 106 Ind. 110; *Gaar, Scott & Co.* v. *Rose,* 3 Ind. App. 269. The engine was retained, and settlement was made under the promises to remedy the defects after appellant had notice of the defects. In such case the purchaser does not lose his rights under the warranty. *Springfield Engine, etc., Co.* v. *Kennedy, supra; McCormick, etc., Machine Co.* v. *Gray,* 100 Ind. 285; *Brown* v. *Russell & Co.,* 105 Ind. 46. Believing that justice will be best subserved by another hearing, the judgment is reversed, with instructions to sustain appellant's motion for a new trial.

## CONCURRING OPINION.

HENLEY, J.—The conclusion reached by the majority of the court in reversing this cause meets with my approval, but I am strongly of the opinion that the lower court should, in this cause, be directed to sustain the motion of appellant for judgment upon the special verdict. The special verdict fails to show that appellee was in any way damaged by the alleged breach of warranty, and upon this ground it is held that the verdict is insufficient to sustain a judgment for any amount in favor of appellees, and for the same reason I think the motion for judgment upon the special verdict in favor of appellant ought to have been sustained. It seems to me that the correct practice in all cases where a special verdict is returned would insure to one party or to the other to the ac-

tion a judgment upon the facts found, unless the verdict was so defective as to be subject to attack by a motion for a *venire de novo*. This being the second appeal to this court in this cause, and it being the policy of the courts of last resort to end litigation, and the facts being before the court upon which a final judgment could be ordered, I am of the opinion that it is the duty of this court to end the litigation by directing a judgment in appellant's favor. *Kehr* v. *Hall*, 117 Ind. 405; *Meeker* v. *Shanks*, 112 Ind. 207; *Stix* v. *Sadler*, 109 Ind. 254; *Cincinnati, etc., R. Co.* v. *Gaines*, 104 Ind. 526, 54 Am. Rep. 334.