## SIEBE ET AL. *v.* HEILMAN MACHINE WORKS.

[No. 5,615.    Filed March 14, 1906.    Rehearing denied May 15, 1906.]

1. TRIAL.—*Counterclaim.—Refusal of Permission to File.—Abuse of Discretion.*—It is not an abuse of discretion for the trial court to refuse to permit, when a cause is ready for trial, the filing of a counterclaim where a demurrer had just been sustained to one substantially the same.    p. 38.

2. EVIDENCE. — *Warranty.—Breach.—Notice.—Waiver.—Receipt. —Question for Jury.*—Where defendant testifies that he properly mailed a notice of defects to plaintiff and plaintiff denies receiving such notice, the question of the receipt of such notice is for the jury.    p. 41.

3. SALES. — *Warranty—Notice.—Waiver.*—Where property is sold on a warranty which requires a specified kind of notice within a given time that it fails to fulfil the warranty, any notice received by the grantor and acted upon by him is a waiver of the notice required by the warranty. p. 41.

4. EVIDENCE.—*Inferences.—Question for Jury.*—It is not necessary to establish a fact that the evidence shall be direct, but inferences may be properly drawn from other proved facts to establish the fact in question, whether such fact is established being primarily a question for the jury. p. 42.

5. TRIAL.—*Instructions.—Directing Verdict.—Invasion of Province of Jury.*—Where the determination of an issue involves the credibility of witnesses and rests upon inferences to be drawn from facts proved, it is an invasion of the province of the jury to direct a verdict in favor of the party upon whom rests the burden. p. 42.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by the Heilman Machine Works against Louis F. Siebe and others. From a judgment for plaintiff, defendants appeal. *Reversed.*

*W. E. Cox, Leo H. Fisher, R. W. Armstrong* and *C. F. Coffin,* for appellants.

*Philip W. Frey,* for appellee.

WILEY, J.—Action by appellee against appellants upon two promissory notes given for the purchase of a traction-engine. Appellants answered by pleading facts upon which an allegation of breach of warranty was based, and the waiver by appellee of a certain notice provided for in the warranty. Trial by jury, resulting in a verdict for appellee directed by a peremptory instruction. Appellants' motion for a new trial was overruled and judgment pronounced upon the verdict.

A number of errors are assigned, but we will consider only those to which our attention has been called in the briefs.

After the cause had been put at issue and was ready for trial, the court below permitted appellee to withdraw its general denial to appellants' cross-complaint, or counterclaim, and also permitted it to file for the first time a demurrer to such counterclaim, which

was sustained, and refused to allow appellants to file any amended counterclaim.

The first question discussed is the refusal of the trial court to permit appellants to file their amended counterclaim, and it is urged that in such refusal there was an abuse of judicial discretion. It is the rule, long established in this State, that the statute which allows amendments of pleadings is to be liberally construed, and to that end the trial court is endowed with great discretionary power, and its action will not be ground for reversal unless it shall affirmatively appear to the appellate tribunal that harm to the complaining party has resulted therefrom. *Blair* v. *Porter* (1895), 12 Ind. App. 296; *Keck* v. *State, ex rel.* (1895), 12 Ind. App. 119; *Burnett* v. *Milnes* (1897), 148 Ind. 230. The answer, or counterclaim, to which a demurrer was addressed and sustained is in the record, as is likewise the amended counterclaim which appellants offered to file, but were not permitted by the court to file. We have examined and compared these two pleadings and are unable to distinguish any material difference in them. The same evidence that would have been admissible under the facts pleaded in the tendered answer would have been admissible under the one to which a demurrer was sustained. If the court had permitted appellants to file their amended counterclaim, or answer, it would have been inconsistent with its ruling in sustaining the demurrer to the original pleading, for in their legal effect the two pleadings were identical. If the original counterclaim was vulnerable to an attack of a demurrer (and as to this we express no opinion), the offered pleading was likewise defective. On the other hand, if the original pleading was good as against a demurrer (and as to this we express no opinion), the offered pleading was also good. It follows, therefore, that if appellants were entitled to any benefits accruing to them under the facts pleaded, they could have secured their rights by excepting to the ruling sustaining the demurrer and standing upon such ruling.

Under the rule above stated, relating to the discretionary power of the trial court, we have no hesitancy in declaring that it does not affirmatively appear from the record that any harm came to appellants by the refusal of the court to permit them to file their amended counterclaim. This being true, the court did not abuse its discretion.

Counsel for appellants next direct their argument to the action of the trial court in directing the jury, by written instruction, to return a verdict for appellee. The engine for which the notes in suit were given was sold by appellee to appellant Louis F. Siebe (Christian F. Siebe being a surety), upon a printed or written warranty. Appellants based their defense upon a breach of the terms of this warranty, and also a waiver. One of the conditions of the warranty was:

> "If inside of six days from the day of its first use it shall fail in any respect to fill this warranty, written notice shall be given immediately by the purchaser —Siebe—to the Heilman Machine Works, at its home office, Evansville, Indiana, by registered letter, stating particularly what parts and wherein it fails to fill the warranty, and a reasonable time allowed the company to get to the machine with skilled workmen and remedy the defects, if any there may be."

The contract further provides:

> "Failure to render friendly assistance and coöperation, or keeping the machinery after the six days allowed as above provided, * * * shall be a waiver of the warranty and a full release of the warrantor, without in any way affecting the liability of the purchaser for the price of the machinery or notes given therefor."

There were other conditions in the warranty relating to notice, but which we need not here specify. It affirmatively appears from the record that appellee did receive from appellants some kind of notice that the engine for which the notes were given was defective in many respects, and did not do the work that it was warranted to do. It is also in the record, without dispute, that appellee acted upon

the notice, sent its experts to make repairs, furnished to appellants certain parts of the engine which had broken, or had gotten out of repair, and made promises, both in writing and orally, that it would make the engine work as warranted, or send to appellants a new one. Under all the evidence in the case, and the issues, the question is fairly presented whether appellee waived that provision in the warranty relating to notice of defects, etc., within a period of six days, by registered letter, etc., as indicated by the above quotation from the warranty.

The record discloses that appellant Louis F. Siebe, within three days after he received the engine, discovered defects in it; that certain parts of the machinery broke; that one of the axles bent, etc.; and that within that time he wrote a letter to appellee calling its attention to such defects, etc., placed the letter in an envelope addressed to appellee at Evansville, put a stamp upon it, and delivered the letter, thus addressed, to the United States post-office at Stendale. Appellee denied that it received such notice. This conflicting evidence tendered an issue of fact for the jury to determine. It is not contended that this letter was sent by registered mail, but the fact that it was written, properly stamped and mailed, if in fact it was, was *prima facie* evidence of its receipt by appellee. 1 Elliott, Evidence, §107; *Home Ins. Co.* v. *Marple* (1891), 1 Ind. App. 411.

If appellee did receive this letter—and it was for the jury to say from the evidence, both positive and circumstantial, whether it did or not—and if the jury should determine that it did, then there was some evidence that would prevent the appellee from recovering.

It is the law that where property is sold on a warranty which requires a specified kind of notice within a given time that it fails to fulfil the warranty, any notice received by the vendor and acted upon by him is a waiver of the notice required by the warranty. *J. F. Seiberling & Co.* v. *Newlon* (1896), 16

Ind. App. 374; *Aultman & Co.* v. *Richardson* (1898), 21 Ind. App. 211; *Springfield Engine, etc., Co.,* v. *Kennedy* (1893), 7 Ind. App. 502.

The instruction, while it directs a verdict for appellee, is objectionable upon other grounds. But, in view of the fact that the judgment must be reversed because of its peremptory character, it is unnecessary for us to decide other questions presented by it.

It is the rule that ultimate facts within the issues do not necessarily have to be proved by direct and positive evidence, but may be established by legitimate inferences fairly deducible from the evidence and known circumstances and conditions. In this case the questions whether appellee had notice of the defects in the engine and acted upon such notice, and whether it waived the rigid notice required by the warranty, were all within the issues, and there was some evidence pertinent thereto.

It is the sole province of the jury to determine for itself what facts have been established by the evidence, and also to draw its own inferences of essential facts that are reasonably deducible from all the evidence submitted to it. It is not necessary for us to decide here whether, from all the evidence in the case and the legitimate inferences deducible therefrom, appellee had notice, acted upon it, and thus waived those conditions in the warranty requiring notice of defects within a specified time. These were matters, under a proper instruction, and all the evidence in the case, that should have been left to the jury.

The rule seems to be settled in this State that where a determination of the issues involves the credibility of witnesses, and rests upon inferences and deductions to be drawn from facts proved, it is an invasion of the province of the jury for the court to direct a verdict in favor of the party upon whom rests the burden. *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, and authorities cited.

The rule just referred to is applicable here, and it was error to give the peremptory instruction.

The judgment is reversed, and the trial court is directed to sustain appellants' motion for a new trial. ·