MAY WERNER AND ANTHONY WERNER, HER HUSBAND, PLAINTIFFS, v. COMMONWEALTH CASUALTY COMPANY, DEFENDANT.

Decided August 25, 1931.

For the plaintiff, *John J. Breslin, Jr.*

For the defendant, *Morrison, Lloyd & Morrison.*

CAFFREY, C. C. J.   This case was tried without a jury upon stipulated facts and testimony offered by plaintiffs and defendant.

From the evidence, it appears that May Werner was struck by an automobile owned and operated by Joseph Bongiorno on the 5th day of December, 1929.   As result of this accident, Mrs. Werner and her husband, Anthony Werner, sued Joseph Bongiorno in the Bergen County Common Pleas Court, and on April 28th, 1930, judgments were entered in favor of May Werner in the sum of $9,000 and in favor of Anthony Werner for $3,000.

Pursuant to the judgments, executions were issued against the defendant and returned unsatisfied by the sheriff because of the insolvency of Bongiorno.

This present cause is against the Commonwealth Casualty Company, pursuant to public laws of 1924, chapter 153. This generally provides that in the event of insolvency of an assured, the insurer must respond in keeping with the terms of the policy.

From the evidence, it appears that prior to the happening of the accident, which serves as the basis of this suit, the defendant company paid $4,500 under this policy.   This removes any doubt as to the issuance of the policy and recognition of its force and effect.

The defendant company contends, however, that at the time of the accident to Mrs. Werner, on December 5th, 1929, the policy had been canceled pursuant to clause H, which is the following:

"This policy may be canceled at any time by either of the parties upon written notice to the other party, stating when thereafter cancellation shall be effective and the date of cancellation shall then be the end of the policy period. If canceled by the assured, the company shall receive or retain the short rate premium calculated according to the table of short rates printed hereon. If canceled by the company, the company shall be · entitled to the earned premium *pro rata.* Notice of cancellation in writing, mailed to or delivered at the address of the assured as given herein, shall be sufficient notice, and the check of the company, or of its duly authorized agents, similarly mailed or delivered, shall be a sufficient tender of any unearned premium."

From the testimony offered by plaintiffs and defendant, there is a dispute with respect to the payment of premium, however, I find as a fact that the premium was paid.

At the trial, the defendant offered in evidence a letter addressed to the assured, Joseph Bongiorno, which reads as follows:

"Please take notice that Policy No. 301374, issued to you by the Commonwealth Casualty Co., Philadelphia, Pa., is hereby canceled, pursuant to the terms and provisions in said policy contained. Such cancellation to take effect on the 8th day of October, 1929, at noon, standard time, at the place where said policy was countersigned. Please take special notice that all liability of said Commonwealth Casualty Company under said Commonwealth Casualty Company under said policy will absolutely cease at noon, October 8th, 1929, unless surrender thereof to said company be sooner made.

Very truly yours, E. W. Cook, *Vice President.*

Countersigned at Newark, N. J., this 3d day of October, 1929, by E. W. McDonough & Co., authorized representative." .

The envelope marked was addressed to Mr. Joseph Bongiorno, with the following notations:

"Mr. Joseph Bongiorno, 102 Sherman avenue, Clifton, N. J.," containing in the upper left-hand corner, "E. W. McDonough Co., Insurance, 17 Academy Street (at Broad Street), Newark, N. J.," containing the rubber stamp mark "Registered," "Personal receipt demanded," and the number, "384501," containing also the number, "21787," and the stamp of the United States post office with a hand containing "Return to the writer unclaimed from Clifton, N. J.," and containing the post office stamps on the back of the envelope."

This was dated October 8th, some two months before the happening of the accident, wherein Mrs. Werner was injured.

There was no provision in the policy for the sending of a cancellation notice by registered mail, and the defendant company by doing this, and asking for a return receipt, assumed the responsibility of personal delivery to the assured.

The envelope and notice of cancellation were offered in evidence and opened in court by the counsel for the defendant, in the condition that it was returned to it by the postal authorities, at Clifton, New Jersey, so there was no question as to the non-receipt of same by Bongiorno.

While the facts in the case of *Fritz* v. *Pennsylvania Fire Insurance Company,* 85 *N. J. L.* 171, are different from those with respect to the matter *sub judice,* the language with respect to notice in order to effectuate the cancellation of policy makes it pertinent, the court there said: "Notice, therefore, to be efficacious to cancel the policy, must have been brought home to the insured—that is, brought to his personal attention—or, at least such a situation must be brought about as to put the insured upon inquiry."

As this matter presents itself to this court insofar as the assured Bongiorno is concerned, he had no notice of the gesture on the part of the defendant company. I, therefore, find it as a fact that at the time of the happening of the accident on December 5th, 1929, the policy was in full force and effect subjecting the defendant company to liability under it.

Judgment will be entered in favor of plaintiffs in the sum of $10,000 with taxed costs, together with interest from April 28th, 1930.