### VEDA E. MOORE, AS ADMX. EST. OF MOORE, DECEASED *v.* VERNON FIRE & CASUALTY INSURANCE COMPANY.

[No. 20,730. Filed March 14, 1968. Rehearing denied
April 9, 1968. Transfer denied October 8, 1968.]

*Peterson, Ervin and Barry,* of Hartford City, for appellant.

*G. Richard Ellis* and *Daniel J. Gamble,* of Kokomo, for appellee.

PFAFF, J.—This is an action brought by appellant, Veda E. Moore, as Administratrix of the Estate of John C. Moore, deceased, against appellee, Vernon Fire and Casualty Insurance Company, to recover from appellee on an automobile liability insurance policy issued by appellee to Elmer J. Pryor against whom appellant had previously recovered a judgment for wrongful death in the amount of $70,000.00. Subsequent

to the rendition of said judgment, Elmer J. Pryor petitioned and received a discharge in bankruptcy on July 7, 1963, thus giving rise to this cause of action against appellee.

Under the provisions of the insurance policy, the appellee agreed to pay any final judgment which might be rendered against Elmer J. Pryor by reason of the operation of his automobile. However, appellee's liability was limited by said policy to $15,000.00.

In response to appellant's complaint appellee filed an answer in two paragraphs, (1) denying all allegations of appellant's complaint, and (2) admitting the execution of the automobile liability insurance policy in question but alleging that the policy had been cancelled in accordance with the terms of Paragraph 16 thereof.

Appellant filed a reply to the second paragraph of appellee's answer denying therein that the insurance policy of Elmer J. Pryor had been cancelled.

This action was tried to the court, which found for the appellee and against the appellant and rendered judgment accordingly as follows:

"It is therefore considered and adjudged by the Court that the plaintiff take nothing by her complaint. It is further considered and adjudged by the Court that the defendant recover of and from the plaintiff its costs, in its behalf, paid, laid out and expended."

Appellant then filed a motion for new trial, which was overruled, and she now urges on appeal that the trial court erred in overruling her motion for new trial for the following reasons:

1. The decision of the court is not sustained by sufficient evidence.

2. The decision of the trial court is contrary to law.

The pertinent portion of the cancellation provisions of the aforementioned insurance policy reads as follows:

"16. Cancelation: This policy may be canceled by the insured named in Item 1 of the declarations by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancelation shall be effective. This policy may be canceled by the company by mailing to the insured named in Item 1 of the declarations at the address shown in the policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice."

The effective date of termination stated in the Notice of Cancellation, which was mailed by appellee at 6:30 P.M., May 23, 1961, was 12:01 A.M., June 2, 1961. It is appellant's contention that since the effective date of cancellation as stated in the Notice of Cancellation was less than ten days from the mailing of the notice, the policy was not revoked but was in full force and effect at the time of the collision between appellant's decedent and appellee's alleged insured, June 8, 1961. The appellee contends that the notice, although not effective to cancel the policy at the stated time (12:01 A.M., June 2, 1961), nevertheless became effective to cancel the policy ten days after the mailing of such notice.

The precise question presented by the case at bar is one of first impression for the Indiana courts. However, it has been the subject of adjudication in other jurisdictions. A review of the opinions of other jurisdictions divulges that approximately three states favor the contention advanced by the appellant, while twenty-four have adopted a rule which supports appellee's contention.

The majority view and the rule favoring the appellee is that:

"Unless such requirement is waived, as discussed infra Par. 452, the notice must be given for the full time specified in the statute or policy; but the fact that the notice fixes a shorter period than that prescribed in the statute or policy does not invalidate it as a notice of cancellation to become effective at the expiration of the prescribed period, and, when the notice declares that the cancellation is presently

or immediately operative, it becomes effective at the expiration of that period." 45 C.J.S., *Insurance,* § 450, p. 91; See also 29 Am. Jur., *Insurance,* § 384, p. 735.

Excellent annotations on the subject are set forth at 35 A.L.R. 900 and 126 A.L.R. 1110. Supplementing these two annotations is the latest on the subject, as contained in 96 A.L.R. 2d p. 290, at which it is said:

> "While a contrary view obtains in some jurisdictions, most courts are agreed that a notice, otherwise sufficient in form and content, which purports to cancel an insurance or fidelity contract at a time earlier than that permitted under the pertinent cancellation provisions of the contract is not wholly ineffective but serves to cancel the contract and the coverage afforded by it at the expiration of the permitted time."

While not directly discussing the question of notice as it relates to cancellation of policies of insurance, Professor Merrill, in his treatise "Merrill on Notice," states in Vol. 2, § 752, pp. 164-165, 1952 Ed.:

> "Although the notification upon its face allows an insufficient time many cases hold that it becomes effective upon the lapse of the necessary period. Other decisions refuse to follow such a rule. Which position is preferred depends upon whether one feels that, in the interest of certainty, the notice is entitled to rely upon the superficial imperfection of the notification, or is moved more strongly by the consideration that the noticee had enough set before him to stimulate him to action in defense of his interests on or before the expiration of the required time. I confess a leaning toward the latter position, which appears supported by a fair numerical preponderance of authority."

The three jurisdictions, Pennsylvania, Florida and South Carolina, which appear to endorse appellant's view, base their decisions upon the rather narrow rule of strict construction. It is the opinion of this court that to follow the rule of strict construction would be to fail to observe the rationale behind the notice provision, which is to

enable the insured to obtain insurance with some other company prior to the time when he is exposed to further risks without insurance protection.

In the case at bar, more than ten days had elapsed between the date the Notice of Cancellation was sent to Pryor and the date of the accident. The evidence will show that Pryor had approximately six days in which he could acquire other insurance protection, yet he chose not to avail himself of other insurance protection, thus placing the risks of liability upon him alone.

It is the opinion of this court that the Notice of Cancellation, while not strictly conforming to the dictates of the policy, was sufficient to apprise Pryor of the appellee's intentions to cancel the policy and provided him with more than the required time as stipulated in the policy, in which to obtain other insurance.

Based on the authorities cited above, and the reasons stated herein, this cause is affirmed.

Judgment affirmed.

Cook, P. J., concurs, and Prime, J., concurs in result.

NOTE.—Reported in 234 N. E. 2d 661.