**F & F CONSTRUCTION CO., INC.,**
Appellant-Plaintiff,

v.

**ROYAL GLOBE INSURANCE COMPA-
NY, M–J United Insurance Agency,
Daniel W. Wright and Helen J. Wright,
Appellees-Defendants.**

No. 1–480A104.

Court of Appeals of Indiana,
First District.

July 22, 1981.

Vernon J. Petri, Petri & Fuhs, Spencer, for appellant-plaintiff.

David O. Tittle, Bingham, Summers, Welsh & Spilman, Indianapolis, for appellee-defendant M–J United Insurance Agency.

William M. Osborn, Thomas J. McKeon, Osborn & Hiner, Indianapolis, for appellee-defendant Royal Globe Insurance Company.

John M. Choplin II, Wilson, Tabor & Holland, Indianapolis, for appellees-defendants Daniel W. Wright and Helen J. Wright.

ROBERTSON, Judge.

The plaintiff-appellant F & F Construction Co., Inc., appeals from the granting of a summary judgment in favor of the defendant-appellees Royal Globe Insurance Company.

The facts, as taken from the pleadings, affidavits, and depositions, and giving rise to the summary judgment, show that F & F Construction secured a policy of liability insurance from M–J United Insurance Agency and issued by Royal Globe Insurance. The policy of insurance contained a clause which provided that the insured's duties in the event of a suit included that they "immediately forward to the company every demand, notice, summons or other process received by him." Roland Barker, president and sole owner of F & F Construction, was notified at work by his wife that they had received papers through the mail that Daniel and Helen Wright had sued as a result of a wreck involving an F & F Construction vehicle. Barker read the papers that night and realized a time limit to respond existed. Barker took the papers to his office the next morning, laid them on the desk of Gilbert Yentes, office manager of F & F Construction, and told Yentes to mail them to M–J United. Yentes did not say anything. Nothing further was said or done about the Wright lawsuit until Barker received notice of a default judgment. Normal office procedure at F & F Construction would have been for Yentes to have given the papers to one of the "girls" with instructions to mail them. Neither Yentes, nor anyone else involved in the mailing process remembers seeing the papers, addressing or stamping the envelope, enclosing the papers therein or taking them to the post office or a post office mailbox. Royal Globe never received the papers. There is evidence that Wright's lawyer had talked to Royal Globe at some time before the suit was filed. There is no evidence from any source that Royal Globe was aware the suit had been filed. F & F Construction brought suit against Royal Globe, among others, on the theory that Royal Globe had breached its contractual duty to defend. Royal Globe eventually and successfully sought a summary judgment predicated upon F & F Construction's failure to comply with the previously quoted policy provision relating to notice of the filing of Wrights' lawsuit.

F & F Construction argues that the summary judgment was contrary to law because a factual controversy exists regarding the mailing and the receipt of the suit papers, that Royal Globe had actual notice of the lawsuit, and that compliance with a condition precedent was not properly before the trial court.

Ind. Rules of Procedure, Trial Rule 56(C), provide for summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." It is F & F Construction's first argument that a genuine issue of material fact does exist because it was necessary for the trial court to weigh the evidence in order to find that the papers in question were never mailed by the office staff of F & F Construction or received by Royal Globe.

■ The actual proof of the journey of the Wright suit papers ends with Barker putting them on the office manager's desk and telling him to mail them to the insurance agency. The directive was never acknowledged. The facts thereafter tend to prove what normal office procedure was in regard to outgoing mail. There was no evidence that the papers had been mailed. Additionally, there was evidence from the appropriate person in the Royal Globe office that the papers had not been received.[1]

---

1. It should be noted that it has been held that in construing a clause similar to the one in the case at bar, receipt by the insurance company is not the criterion, but only that the insured

Normal office procedure in preparing and dispatching outgoing mail is not sufficient to prove mailing, instead, proof consisting of testimony from one with direct and actual knowledge of the particular message in question is required to establish proof of mailing. *United Farm Bureau Mutual Insurance Co. v. Adams,* (1969) 145 Ind.App. 516, 251 N.E.2d 696. Obviously, that quantum of proof is not present under the factual situation present in this appeal. F & F Construction has failed to come forward with facts, pursuant to T.R. 56(F), establishing that a genuine issue of material fact exists regarding the papers being forwarded to Royal Globe.

F & F Construction next argues that Royal Globe had actual or constructive notice of the litigation because of a conversation between Wrights' attorney and a representative of Royal Globe. We are of the opinion that the highest significance that can be attached to this conversation is that it apprised Royal Globe of the possibility of litigation. The record is devoid of anything which would intimate that Royal Globe was aware that litigation had been commenced. This also clearly falls short of compliance with the provisions of the insurance policy.

F & F Construction's final issue asserts that clause 4(b), the clause requiring forwarding of suit papers, is a contractual condition precedent which, under Ind.Rules of Procedure, Trial Rule 9(C) must be denied by Royal Globe "specifically and with particularity". Royal Globe's answer in denial failed to do this and, as a result, F & F Construction contends that this issue was not properly before the trial court. A review of the records shows that during the course of the case non-compliance with clause 4(b) was the subject of a Royal Globe motion to dismiss, identified in the pre-trial order as an issue in the case, and was the subject matter of an affidavit submitted by Royal Globe in support of its motion for summary judgment. There was no objec-

tion by F & F Construction to any of these pleadings. As a result, through the absence of an objection, and through the course of the pleadings, the issue was answered specifically and particularly as if T.R. 9(C) had been complied with. Additionally, the treatment accorded the issue by both parties effectively litigated the issue in a manner permitted by *United Farm Bureau Mutual Insurance Co. v. Wolfe,* (1978) Ind. App., 382 N.E.2d 1018.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.

---

forwarded the papers. *See Travelers Indem. Co. v. Rosedale Passenger Lines Inc.,* D.C.Md., 311 F.Supp. 993. The significance in this case of Royal Globe not receiving the papers is in

the context of a presumption that they were not mailed. *American Family Insurance Group v. Ford,* (1973) 155 Ind.App. 573, 293 N.E.2d 524.