James **CONRAD** and Carol Conrad, Appellants,

v.

**UNIVERSAL FIRE & CASUALTY INSURANCE COMPANY,**
Appellee.

No. 23S04–9705–CV–302.

Supreme Court of Indiana.

Oct. 31, 1997.

Robert O. Williams, Covington, for Appellants.

Jeffrey A. Doty, Indianapolis, for Appellee.

**ON PETITION TO TRANSFER**

BOEHM, Justice.

This case presents the issue of whether an insurance company's mailing of notice of cancellation of a policy by certified mail, return receipt requested, creates an irrebuttable

---

presumption of notice under a policy calling for proof of mailing to constitute proof of notice, where the notice was returned to the company marked "unclaimed." We hold that it does not.

### Factual and Procedural Background

Universal Fire & Casualty Insurance Company issued a homeowner's insurance policy to James and Carol Conrad in March of 1992. The policy had been placed through an insurance agent, Dennis Stansbury. After issuing the policy, Universal inspected the home, decided it was a poor insurance risk, and concluded to invoke a provision permitting it to cancel within the first sixty days "for any reason." The policy provided:

> We may cancel this policy only for the reasons stated in this condition by notifying you in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations. Proof of mailing shall be sufficient proof of notice.

On April 30 Universal sent notice of cancellation to the Conrads at their designated address by certified mail, return receipt requested, to be effective May 10. The notice was returned to Universal marked "unclaimed." On May 31, Universal entered the unearned premium amount due the Conrads on its "Agent Statement" for the Stansbury Agency. On or about June 10, Universal sent a check to the Stansbury Agency refunding the unearned premium less the amount of the commission already paid to Stansbury. There was no communication between either Stansbury or Universal and the Conrads until after July 23 when the Conrads' house was destroyed by fire. Approximately a week after July 23, Stansbury returned the unearned premium to the Conrads. The Conrads filed a claim with Uni-

versal, Universal denied it, and the Conrads sued.

The Conrads contended in their complaint that Universal did not effectively cancel the policy because it failed properly to notify the Conrads of its intent to cancel and because of its failure to refund the unused portion of the premium within a reasonable time, as required by the policy.[1] Universal answered and moved for summary judgment on the ground that the policy had been canceled on May 10, pursuant to the terms of the policy. Universal contended that summary judgment was proper because the undisputed facts showed that Universal mailed the notice of cancellation to the Conrads on April 30. Mailing, Universal claimed, was proper "proof of notice" under the policy and Indiana law. The trial court granted Universal's motion and the Conrads appealed. The foregoing facts are not disputed. Because we are reviewing a grant of summary judgment, we accept the facts recited in the affidavits opposing summary judgment. The only material fact for purposes of this decision is that the Conrads did not receive the notice. The reasons for this failure are not in the record.

The Court of Appeals affirmed, holding that when an insurance policy provides that proof of mailing of notice shall be sufficient proof of notice, actual receipt is not required. *Conrad v. Universal Fire & Cas. Ins. Co.*, 670 N.E.2d 936, 938 (Ind.Ct.App.1996). Because it was undisputed that the notice was mailed, the court concluded that the notice was effective.[2] We granted transfer to consider whether proof of mailing of a notice of cancellation by certified mail, return receipt requested, is sufficient to establish notice as a matter of law when the notice is returned unclaimed under the standard policy cancellation provision involved in this case. We hold that it is not and reverse the trial court.

---

**1.** The Conrads also sued Dennis Stansbury and the Stansbury Agency for failing to refund the premium within a reasonable time and sued their mortgagee Veedersburg State Bank for failing to notify them of the notice of cancellation that the Bank received from Universal, also by certified mail.

**2.** After finding that the cancellation of the policy was effective, the Court of Appeals went on to

hold that any unreasonable delay in refunding the premium did not alter the validity of the cancellation. *Conrad*, 670 N.E.2d at 939–40. Rather, the court said, upon cancellation, a debtor-creditor relationship was created between the parties which ended when the Conrads received their refund. Because we hold that the notice in this case did not cancel the policy, we do not reach this issue.

## Discussion

Because it is not disputed that Universal sent the notice of cancellation to the Conrads at the designated address, the only issue is the significance of Universal's decision to rely on certified mail to send the notice of cancellation. The policy provision neither required, authorized, nor prohibited the use of certified mail. It simply stated that "[p]roof of mailing shall be sufficient proof of notice." This provision has been construed to mean that actual receipt of notice is not required. In general, proof of mailing the notice has been held to be enough.[3] *American Family Ins. Group v. Ford*, 155 Ind.App. 573, 578, 293 N.E.2d 524, 526 (1973) and *Allstate Ins. Co. v. Morrison*, 146 Ind.App. 497, 256 N.E.2d 918 (1970) both citing *United Farm Bureau Mutual Ins. Co. v. Adams*, 145 Ind.App. 516, 522, 251 N.E.2d 696, 700 (1969) ("the issue of receipt is factually irrelevant and the issue ... turns exclusively upon proof of mailing."). *See also Farber v. Great Am. Ins. Co.*, 406 F.2d 1228 (7th Cir. 1969); *State Farm Mutual Automobile Ins. Co. v. Perrin*, 331 F.2d 565 (7th Cir.1964) (both relying on an Illinois appellate court decision in applying Indiana law to hold that conclusive proof of mailing overcomes evidence of nonreceipt). This construction of the provision is in accord with the majority of other states, *see generally* 40 A.L.R.4th 867, § 6[a] (1985). It is frequently justified on the ground that proof of mailing gives rise to a presumption that the notice will be received. *American Family Ins. Group*, 155 Ind.App. at 578, 293 N.E.2d at 526 (proof of proper mailing of a communication justifies the inference that the mailing was received in due course); 2 LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE 3D § 32.19 (1995) (when actual receipt is not required,

proper mailing "generally establishes a presumption that the mailed notice was received."); 43 AM.JUR.2D *Insurance* § 392 (1982) (suggesting, as one rationale for this view, that there is no need for actual notice because the policy provision designates the U.S. Post Office as the insured's agent for the purpose of receiving the notice).

However, this construction of the proof of mailing clause envisions use of ordinary mails as the "mailing" which the insurance company must prove. Ordinary mail has been traditionally viewed as reasonably assured of delivery and as reliably fulfilling the purpose of providing notice. This is of course the critical point because the purpose of providing notice is to enable the insured to obtain other coverage. *Moore v. Vernon Fire & Cas. Ins. Co.*, 142 Ind.App. 334, 234 N.E.2d 661 (1968); *see also* 2 RUSS & SEGALLA, *supra*, at § 32.1. This rule's often unarticulated premise is that opening the door to a swearing contest on the issue of receipt of an item of mail will generate extensive litigation and the opportunity for fraud or wilful refusal to accept legitimate notices.[4] Moreover, if the insurer sends the notice to the address specified by the addressee, there may be little more it can do.

■ Certified mail, return receipt requested, however, requires a signature from the recipient in order to be received. If the recipient is not present to sign, the mail is returned to sender as occurred in this case. As a result, as a "mailing" device, it is not reasonably calculated to ensure receipt, particularly if sent to a residence. In this era of two income families often no adult is at home during postal hours and retrieving an item from the post office may be inconvenient. Certified mail, return receipt requested, is

---

3. Proof of mailing can be shown, for example, by postal receipts along with evidence of office procedures for handling the mailing of cancellation notices. *See generally* LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE 3D § 32.20 (1995).

4. *Continental Cas. Co. v. American Color, Inc.*, 817 F.2d 1287 (7th Cir.1987) (insured protested that notice of cancellation was lost in the mail, but insurer prevailed upon proof of mailing); *United Farm Bureau Mut. Ins. Co.*, 145 Ind.App. 516, 251 N.E.2d 696 and *American Family Ins. Group*, 155 Ind.App. at 573, 293 N.E.2d at 524

(proof of nonreceipt is evidence that the notice was never mailed which can be overcome by proof of mailing); *Campbell v. Home Ins. Co.*, 628 P.2d 96 (Colo.1981) (proper mailing of notice to designated address effective despite insured's claim of nonreceipt); *Raiken v. Commercial Cas. Ins. Co.*, 135 A. 479 (N.J.Sup.Ct.1926) (when insured failed to state the correct address in the policy, the notice was returned to insurer and held effective); *see generally* 40 A.L.R. 4th 867 at § 6[a].

useful for the sender. If used·successfully, it creates a solid paper documentation of both the giving and receipt of notice. However, if it is not received, as in this case, it is returned and the sender is put on notice that the communication was ineffective. For this reason, certified mail, return receipt requested, is not a sufficiently reliable means of notifying the insured of the need to find new coverage that it can be elevated to an irrebuttable presumption that equates to a rule of law. Rather, if conclusively presumed to establish "notice" it is likely to create a pool of blithely uninsured individuals. For this reason, "courts have generally held that [under this notification provision] sending the notice of cancellation by registered letter does not constitute a compliance with the requirement as to the mailing of notice." 43 Am.Jur.2d at § 393 & Supp.1997; see also 40 A.L.R. 4th at § 12[b]. But see id. at § 12[a]; 43 Am.Jur.2d at § 393 n. 22 & Supp.1997 for courts taking the opposite view.[5]

▮ In this case, Universal acknowledged that it received the returned cancellation notice marked "unclaimed" by the post office. This put Universal on notice that its attempt to notify the Conrads had failed. More importantly, because of the contingencies of certified mail, that failure could be caused by a number of reasons not attributable to any action or inaction of the Conrads. If ordinary mail had been sent to the correct address and nothing called nonreceipt to the insurer's attention, that would be enough to invoke the traditional sufficiency of proof of mailing. However, we agree with the courts that have held that proof of mailing, by certified mail or by ordinary mail, creates a presumption of delivery, but the presumption of delivery may be rebutted where a certified letter is returned undelivered. *Larocque v. Rhode Island Joint Reinsurance Ass'n,* 536 A.2d 529, 532 (R.I.1988) (notice sent by certified mail but returned to insurer unclaimed required that insurer do more to effect notice of cancellation); *compare Fichtner v. State Farm Fire and Cas. Co.,* 148 Misc.2d 194, 560 N.Y.S.2d 94 (N.Y.Sup.Ct.1990) (when notice was sent three times by certified mail, return receipt requested, but not received, whether the notice requirement was met is a question of fact for jury) *with Beasley v. Puglise,* 454 So.2d 1125 (La.Ct.App.1984) (notice sent by certified mail but not received, and returned to insurer, was effective because failure of receipt was imputable to insured) *and Fields v. Western Millers Mut. Fire Ins. Co.* 182 Misc. 895, 50 N.Y.S.2d 70 (N.Y.Sup.Ct.1944) (if insured can show that use of registered mail, return receipt requested, prevented delivery, then the mailing requirement is not met). We express no opinion as to whether a letter sent by ordinary mail but returned to sender permits rebuttal of the presumption of delivery. However, the reasons for such a return will often be due to failure by the addressee to update the address, in which case, the notice would be effective. In short, Universal cannot be allowed to rely on a presumed receipt of the notice when it was informed, as it requested, that in fact the notice was not received, and where the means it selected, return receipt requested, may have contributed to the nondelivery. This is not to say

---

5. Where courts have held that the proof of mailing by certified mail constituted proof of notice, the facts often indicate fault on the part of the insured. One common theme is that the insurer sent the notice to the designated address but the insured had moved without notifying the insurer. On these facts, courts have concluded that "registered mail is just as much mail as ordinary mail" and that "registered mail is considered a safer method than ordinary mail." *Westmoreland v. General Accident Fire & Life Assurance Corp.,* 144 Conn. 265, 129 A.2d 623, 626 (1957); *Gerard v. Massachusetts Bonding & Ins. Co.,* 106 N.H. 1, 203 A.2d 279 (1964). *See also Dufrene v. Dixie Auto Ins. Co.,* 376 So.2d 507 (La.Ct.App. 1979). Where courts have held that actual receipt is necessary when an insured uses certified or registered mail, the facts tend to show that as used by the insurer the certified or registered mail did not reasonably assure delivery. For example courts in Alabama and Michigan held that when notice by registered letter was marked "return in five days," it did not provide adequate opportunity for the insured who was away or had moved to receive the mail. *American Auto. Ins. Co. v. Watts,* 12 Ala.App. 518, 67 So. 758 (1914); *Irish v. Monitor Ins. Co.,* 264 Mich. 586, 250 N.W. 318 (1933). *See also Werner v. Commonwealth Cas. Co.,* 9 N.J. Misc. 963, 156 A. 116 (1931) and *Kamille v. Home Fire & Marine Ins. Co.,* 129 Misc. 536, 221 N.Y.S. 38 (N.Y.Sup.Ct. 1925) (notice sent by registered mail marked that personal receipt was required was not protected by a presumption of delivery and was ineffective if returned).

that use of certified mail can never constitute "proof of mailing" or that knowledge of non-receipt of a certified letter by an insurer necessarily results in an ineffective notice. Rather, the circumstances of this case—use of a mailing method not reasonably calculated to ensure delivery plus knowledge of non-delivery by the sender—do not excuse the insurer from taking further steps to establish notice as a matter of law.

Because Universal did not establish irrebuttable "proof of notice," the policy may still have been in effect on July 23 at the time of the fire. Nonetheless, Universal's proof of mailing is admissible evidence and it becomes the burden of the Conrads to establish that their nonreceipt was not attributable to their negligence or wilful action. Resolution of this issue will turn on whether fault may be attributed to the Conrads. At one extreme, the Conrads may have repeatedly failed to pick up mail after receiving a notice that a certified letter was waiting for them or could be delivered without signature. At the other extreme, if the Conrads were on vacation at the time of delivery and tried to pick up the notice after it had been returned, then fault would not be attributable to them.

Our conclusion in this case is reinforced by the fact that Universal attempted to refund the unearned premium to the agency, not directly to the Conrads, and did so belatedly. The Conrads paid a $423 premium for the one year policy. Universal determined that the unearned portion of the premium, pro rated on a May 10 cancellation date, was $405. Universal sent a check for $344.25 (the refunded premium, less the commission) to the Stansbury Agency on or about June 10. Stansbury eventually sent the Conrads a check for $405 a week after the fire.

For purposes of refunding the insurance premium Stansbury was Universal's agent. Stansbury was listed by Universal on an "Agent Statement" and earned a commission that was deducted from the premium payment to Universal. Once the insurance application is made and the policy issued, an insurance agent who procures a policy for the insured becomes the agent of the company. *Benante v. United Pacific Life Ins. Co.*, 659 N.E.2d 545, 547 (Ind.1995); *Aetna Ins. Co. v.*

*Rodriguez*, 517 N.E.2d 386 (Ind.1988). *See also* RUSS & SEGALLA, *supra*, at § 32.57 ("[r]eturn of the unearned premium to the agency which placed the insurance does not discharge the insurer's obligation."). Because Stansbury was Universal's agent, his failure to refund the premium until after the accident was also Universal's failure. If the refund had been transmitted to the Conrads, it presumably would have put them on notice of cancellation. That did not occur and the delay simply reinforced the Conrads' reliance on their policy as fully in force.

### Conclusion

We reverse the trial court's grant of summary judgment for Universal and remand for further proceedings consistent with this opinion.

SHEPARD, C.J., and SULLIVAN and SELBY, JJ., concur.

DICKSON, J., dissents without opinion.